NEW-YORK,
May, 1823.

COOPER
v.
BIGALOW &
SEARLS.

---

COOPER *against* BIGALOW and SEARLS.
BIGALOW *against* COOPER and HENRY.

A *ca. sa.* executed, is a satisfaction of the debt, except in certain cases provided for by statute. So that a judgment, upon which the defendant is in execution, will not be set off against another judgment in his favour.

COOPER had judgment against *Bigalow & Searls*, for $124,68, whereon the defendants were in prison upon a *ca. sa.* *Bigalow* had a verdict for six cents against *Cooper & Henry*, for an assault and battery, on which the plaintiff was entitled to full costs, the cause having been brought here by *Habeas Corpus*. Both causes were in this Court. *Cooper* had assigned one half of his judgment to *Henry*.

*Wilkes*, moved to *set off* so much of the judgment in the *first* cause, against the *verdict*, and the costs to be taxed in the *second*, as should extinguish the latter judgment.

*Foote*, granted the *set off* to be admissible within the authority of *Simpson* v. *Hart*, (14 *John.* 63,) notwithstanding

the parties in the two suits were different; but he objected, <span style="float:right">NEW-YORK,<br>May, 1823.</span> that by the arrest and imprisonment of *Bigalow & Searls*, on the *ca. sa.* who were not yet discharged, the judgment in the first suit was, in the eye of the law, satisfied. <span style="float:right">COOPER<br>v.<br>BIGALOW.</span>

*Wilkes*, said that a *ca. sa.* was not in itself a satisfaction. It is no satisfaction so as to bar the plaintiff from taking out execution against other persons liable to the same debt or damages. (*Tidd*, 958.) So if the defendant die in prison, (1 *R. L.* 504, *Sess.* 36, *ch.* 50, *s.* 12,) or his body be discharged by the insolvent act. In these cases, new executions may issue. A *ca. sa.* is merely a means to coerce satisfaction.

*Curia.* The bodies of the defendants, *Bigalow & Searls*, being in execution, this is, in judgment of law, a satisfaction of the debt. We find this principle perfectly well settled, so much so, that a commission of bankruptcy cannot issue, upon the proof of a debt for which the bankrupt is in execution. (*Burnaby's case, Str.* 653.) It is no answer to say that the plaintiff may hereafter be entitled to a new execution, by the death of the defendants. At common law, this could not be done. (*Foster* v. *Jackson, Hob.* 52.)(*a*) But the *statute* makes it an exception. And the case mentioned of a discharge under the insolvent act, is also by statute. We, therefore, deny the motion.

Motion denied.

(*a*) In this case, (*p.* 59,) the Court hold " that a *capias ad satisfaciendum*, as against the party, is not only an execution, but a full satisfaction, by force and act, and judgment of law." In *Horn* v. *Horn,* (*Ambl.* 79,) Ld. *Hardwicke* says, " Where there is an equitable demand, and the party is taken in execution on a decree, this Court (*Chancery*) will issue all its process against his lands and effects; and the body being detained is not, in this Court, a satisfaction; the reason is, because he is detained for the contempt. *But at law, the detaining the body is a satisfaction, and you cannot afterwards take the goods.* And so *note* the difference between *common law,* and *equity.*"