SCHROEPPEL
v.
JEWELL.

*Where a judgment is set off on trial, and allowed against a still larger claim, and judgment is entered in the second action, the judgment so set off is satisfied, and the court will discharge a party imprisoned thereon, and order the entry of satisfaction; but this cannot be done where a case is made, and a motion for a new trial is pending in the second cause.*

## SCHROEPPEL *against* JEWELL and others.

IN *August term*, 1821, there was a judgment for the plaintiff in this cause, on which a balance of $217,91 remained due, on the 17*th* of *July*, 1823 ; and *Jewell* was arrested upon a *ca. sa.* thereon, and still remains in gaol. An action of assumpsit, in favour of the *defendants*, against the *plaintiff*, was tried the said 17*th* of *July*, wherein the said balance was set off, and passed to the jury, who found a verdict for the *defendants* in this cause. Upon this, a case was made by the plaintiff, upon which he intended moving for a new trial, upon several points of law raised at the Circuit.

*G. C. Bronson*, moved to discharge *Jewell* from imprisonment, and enter satisfaction, &c.

*E. Clark*, contra.

*Curia.* Were the *second cause* terminated, by the entry of a judgment upon the verdict, that would, doubtless, be an extinguishment of the judgment in *this cause*. But a case has been regularly made, upon which the party may move for a new trial. *Jewell* must await the result of that proceeding. It will be a satisfaction, or not, according to the event. The application is premature.

Rule refused.(*a*)

(*a*) Had the balance been found for the defendant, in the second action, whether the Court would order satisfaction, even after judgment? Quære. (Vid. *Mumford* v. *Stocker, ante,* 178.)