## Case No. 5,836.

### GRISWOLD et al. ads. HILL.

[2 Paine, 492.][1]

Circuit Court, D. New York.[2]

ACTION ON JUDGMENT — EFFECT — DETENTION OF DEBTOR IN PRISON—SUSPENSION OF JUDGMENT LIEN—DISCHARGE.

1. The bringing an action on a judgment of this court, and recovering and perfecting judgment thereon in another court, is no satisfaction of the first judgment.

2. So long as the body of the debtor is detained in prison, the creditor cannot resort to the property of the debtor, and the judgment will not be considered a lien as against other creditors.

3. The lien of the judgment is suspended during the imprisonment on the ca. sa.; so that a judgment obtained by another creditor during that time, gains a priority of lien on the debtor's property; or the debtor may sell the property and give to the purchaser a title discharged of the incumbrance of the judgment.

4. Discharge of the debtor from imprisonment, without the consent and against the will of the plaintiff, under a state law, reserving to the creditor certain rights as to future acquired property, will not operate as a satisfaction of the judgment.

5. Where an action is brought on a judgment of this court, and judgment recovered thereon in another court, if the plaintiff be entitled to continue in force his judgment in the latter court, and enforce payment thereon, against the future acquired property of the defendant. satisfaction of the judgment of this court, which is the foundation of the second judgment, will not be entered of record.

[In equity. Suit by Samuel Hill against Daniel S. Griswold and David R. Dunham.]

THOMPSON, Circuit Justice. This is an application for an order that satisfaction of the judgment recovered in this case be entered of record. The motion is made in behalf of John B. Miller, who is represented as proceeding in the court of chancery of this state to foreclose a mortgage on the real estate of Daniel S. Griswold; and stating, by affidavits, as the grounds upon which the application is made, that Henry D. Sedgwick, administrator of Samuel Hill. had brought an action in the court of common pleas for the city and county of New York, upon the judgment recovered in this court, and had obtained a judgment therein; and had issued executions against the bodies of the above-named defendants, upon which they had been arrested and imprisoned, until discharged from imprisonment, under an act of the legislature of this state, entitled "An act to abolish imprisonment for debt in certain cases," passed 7th of April, 1819; and it is contended, on the part of Miller, that this arrest and imprisonment of the defendants is, in judgment of law, a satisfaction of the judgment in this court, and that the same ought to be vacated of record.

The two questions that seem to arise are:

1st. Whether the judgment recovered in the court of common pleas is a satisfaction of the judgment in this court; and if not, then, 2d. Whether the arrest and imprisonment of the bodies of the defendants, on the judgment in the common pleas, is to be considered a satisfaction of the judgment in this court.

The first question admits of no doubt. These judgments are debts of the same degree, and the latter cannot be considered an extinguishment of the former. This is a point too well settled to be now called in question. The case of Mumford v. Stocker, 1 Cow. 178, in the supreme court of this state, is in point. as applied to the question now before the court. It is there held that bringing debt on a judgment. and recovering and perfecting judgment thereon in another court, is no satisfaction of the first, and would not warrant the entry of satisfaction of the former judgment, until the latter was in fact satisfied;[3] and there is no pretence

---

[3] In an action on a judgment against several, the imprisonment of one of the defendants, on an execution issued on such judgment, is as to him a satisfaction of the debt so long as it continues, and a defence against any ulterior proceedings so far as he is concerned; and is fatal to a joint action against all the defendants. Chapman v. Hatt, 11 Wend. 41; Cooper v. Bigalow, 1 Cow. 56; Stewart v. McGuine, Id. 99; Osterhout v. Roberts. 8 Cow. 43; Sunderland v. Loder, 5 Wend. 58; Jackson v. Benedict, 13 Johns. 534. A satisfaction-piece is not a record; until entered on the roll it does not partake of the nature of a record, nor does the statutory provision on the subject directing the mode of its acknowledgment give it that character or effect. Lownds v. Remsen, 7 Wend. 35. An entry of satisfaction on the docket of judgment is not equivalent to an entry on the roll. Id. An entry on the roll will not be presumed, although a satisfaction-piece be filed, where it is manifest, if done. it would on application be set aside for fraud. Id. Where, on an execution in an action of debt on judgment, sufficient is levied to satisfy the original judgment, the plaintiff must apply the money levied in satisfaction of such judgment, although there be not enough to discharge the costs as well as the debt recovered by the second judgment. Harvey v. Wood. 5 Wend. 221. Where A. has a judgment against B. which he sets off in a suit subsequently brought by B. against him, and a balance is certified in favor of A.. for which he takes judgment in the second suit, such set-off is an extinguishment of the first judgment only to an amount equal to that set-off to balance the demand of B. in the second suit, and for the residue A. may issue an execution on the first judgment. Doty v. Russell. Id. 129. The imprisonment of a defendant on a justice's execution is a satisfaction of the judgment while the imprisonment continues; and may be pleaded in bar to an action on a bond given by the defendant and a surety to stay the execution for ninety days. Sunderland v. Loder, Id. 58. Where an execution has been levied upon the property of a defendant, and the levy subsequently abandoned by his request and for his benefit. this will not amount to a satisfaction of the judgment. Ostrander v. Walter, 2 Hill. 329. See Hoyt v. Hudson, 12 Johns. 208; Ontario Bank v. Hallett, 8 Cow. 192. A levy on sufficient personal property to satisfy a judgment. though the execution be returned unsatisfied by the direction of the plaintiff. or the assignee of the judgment. extinguishes the judgment: and a sale of land under a subsequent execution thereon is void,

---

[1] [Reported by Elijah Paine, Jr., Esq.]

[2] [The date is not given. 2 Paine comprises cases from 1827 to 1840, inclusive.]

that the judgment in this court has been paid or in any manner satisfied, unless the arrest and imprisonment of the defendants is, in judgment of law, a satisfaction.

2. Under the second question, it has been contended that taking out a capias ad satisfaciendum, was a selection of remedies, and the arrest and imprisonment of the bodies of the defendants amounted to an absolute discharge of the judgment, so far, at all events, as it might operate as a lien upon the property. It is to be observed that the defendants were not discharged from the arrest and imprisonment under the execution by the consent of the plaintiff. Whatever was done was the act of the law. None of the cases, therefore, to be found in the books, which go to show that where a prisoner in execution is discharged by the consent of the creditor, on giving other security to satisfy the judgment, and such security failing, the judgment cannot be again set up. 1 Tenn. 557; 4 Burrows, 2482; Amb. 79; Hob. 59,— apply to the present case. It cannot surely be pretended, that as soon as the defendant is arrested upon a ca. sa., satisfaction of the judgment on record may be claimed as matter of right. This would be taking away the very foundation and authority upon which the body was held as satisfaction. At law,

so long as the body is detained in prison, the creditor cannot resort to the property of the debtor, and the judgment will not be considered a lien as against other creditors. But in an application like the present, this court cannot order a modified satisfaction; that is, it cannot direct the judgment to be satisfied and vacated as to one purpose and continued in force as to another. Satisfaction, if entered at all on record, must be entire, and discharge the judgment as to all purposes. Whenever a question arises in the course of a suit between parties touching the priority of lien, or the legal operation of a discharge like the present, the court can give to it the proper and legal effect, so as to preserve the rights of all parties; but this cannot be done in summary proceedings like the present. The judgment-creditor ought, therefore, to have been made a party to the proceedings in chancery; and the question then decided how far the judgment was to be considered as discharged. Satisfaction of the judgment entered of record in this court might be considered as satisfaction of the judgment in the common pleas, which is founded upon the judgment here; and if so, would take away all remedy hereafter upon that judgment, which is secured to the plaintiff by the act of the legislature of this state

---

especially if the purchaser at the sale be not a bona fide purchaser. Jackson v. Bowen. 7 Cow. 13. A levy on personal property sufficient to satisfy a fi. fa., is an extinguishment of the judgment on which it issued. Ex parte Lawrence, 4 Cow. 417. The judgment, therefore, ceases to be a lien on real estate, and the judgment-creditor has no right as such to redeem under the act (Laws 43d Sess. c. 184, § 3). Id. If a debtor, for the benefit of all his creditors, gives to trustees a bond for the amount of all his debts, on which a judgment is recovered, and he afterward gives a note to an individual creditor for the amount of his separate debt, such note will be satisfied by such creditor's discharging the debtor from execution on the judgment issued at the request of the creditor, and the assent of the trustees to the discharge will be implied. Furman v. Haskin, 2 Caines. 369. Where a judgment is set off on trial, and allowed against a still larger claim, and judgment is entered in the second action, the judgment so set off is satisfied, and the court will discharge a party imprisoned thereon, and order the entry of satisfaction; but this cannot be done where a case is made, and a motion for new trial is pending in the second cause. Schroeppel v. Jewell, 1 Cow. 208.

Bringing debt upon a judgment, and recovering and perfecting a judgment thereon in another court, is no satisfaction of the first. Mumford v. Stocker, 1 Cow. 178. The second judgment must be satisfied in fact, to warrant a motion for entry of satisfaction upon the record in the first. Id. Adjudged that the attorney of the plaintiff in record has no such power. Jackson v. Bartlett, 8 Johns. 281. S. assigned a certain debt or fund to P. in trust, to pay certain creditors. among whom was G., a judgment-creditor; and S. having been surrendered into the custody of the sheriff by his bail, G. consented to his discharge from prison. In a bill in chancery, filed by certain creditors of S., against him and others, among whom was G., it was alleged that G. had taken S. in execution and discharged him on taking the assignment; and G., in his answer, stated the manner of the discharge, and that he had not been paid,

and insisted also on the assignment. It was held, that the allegation in the bill, as to the discharge not being true, and the discharge from prison, on the surrender, being no satisfaction of the debt, and G. not being bound to make an election between the judgment and the assignment, the bill, as against him, ought to be dismissed, with costs. Codwise v. Gelston, 10 Johns. 507. And where G. presented his petition to the chancellor, praying that he might be paid the amount of his judgment out of the moneys arising from the sale of the real estates of S., on which the judgment was a lien; it was held, that he was entitled to the benefit of the fund, and to a priority of satisfaction before the general creditors of S. Id. Where a ca. sa. against a sheriff was delivered to a coroner, who being indebted to the sheriff. gave him a receipt in full for the debt and costs in the ca. sa., and engaged to settle the amount with the plaintiff, and failed to do so; it was held, that admitting the coroner was authorized to receive the debt in money on the ca. sa., yet it must be an actual and absolute payment of so much cash to him for the plaintiff: and that the agreement between the sheriff and coroner was no payment or satisfaction of the debt. Codwise v. Field, 9 Johns. 263. Where the plaintiff resided in a foreign country, and the defendant, in 1810, produced affidavits to show that the judgment which was obtained in 1803, was satisfied, a rule to show cause why a satisfaction should not be entered upon the record was granted, which was directed to be served by delivering a copy to the attorney of the plaintiff on record, and putting up another copy in the clerk's office. Lee v. Brown, 6 Johns. 132. Where an execution has been issued for the penalty of a bond, the court will, on payment of the condition, interest and costs, set aside the execution, and order satisfaction to be entered on the record; although the bond was given to secure a debt larger than the penalty, and there were other sums due from the defendant to the plaintiff. Bergen v. Boerum. 2 Caines, 256. The principle recognized in that case goes to the extent of saying the defendant is discharged. Ontario Bank v. Hallett, 8 Cow. 192. But a levy on suffi-

under which the defendants were discharged from imprisonment. Nothing ought to be done here which would in any manner prejudice the right of the parties under that judgment.

The light in which a discharge from imprisonment, like the present case, is considered in this state, appears from the case of Jackson v. Benedict, 13 Johns. 533, where it is held that the lien of the judgment is suspended during the imprisonment on the ca. sa., so that a judgment obtained by another creditor during that time gains a priority of lien on the debtor's property: or that the debtor might sell his property and give to the purchaser a title discharged of the incumbrance of the judgment. That the taking of the body is a discharge of the judgment, except in the cases provided for by the statute. But it is said this court will not notice the state law on this subject, but will give to this discharge the effect it would have by the common law. This is not correct to the extent it has been urged; the common law knows of no such discharges; and if the debtor is discharged from imprisonment against the will and consent of the creditor under a state law, reserving to him certain rights as to future acquired property, it would be going great lengths in this court to consider it a voluntary discharge of the person, and an entire satisfaction of the judgment. The common pleas ought not to discharge the judgment obtained in that court; this would be in the face of the statute, which declares that the judgment shall remain valid and effectual against any estate which the debtor so discharged might thereafter obtain. And to order satisfaction to be entered of the judgment in this court, which is the foundation of the judgment in the common pleas, and still leave that judgment unsatisfied, would present an incongruity not called for, or to be tolerated. From anything that appears in the affidavits before the court, the land covered by the mortgage is now liable to be sold under the judgment in the common pleas. It is not stated where the land lies, or when the title to it was acquired by Griswold. It may have been so acquired since his discharge from imprisonment, and may lie within the reach of an execution on the common pleas judgment, according to the provisions of the sixth section of the act under which he was discharged. This would, of itself, be sufficient to deny the present motion. But I do not rest the decision upon so narrow a ground, as the real facts in the case may be otherwise; but deny the motion upon more general grounds. That the judg-

---

cient property to satisfy a judgment and a release of the property, will not operate to release the debtor where he procures the release by his own act; as by pretending that the property is owned by others. Id. A levy, in virtue of an execution upon a judgment obtained as a collateral security for another judgment, is not a collateral satisfaction of the latter. Id. A plaintiff, who has several remedies, may pursue them all until actual satisfaction. Id. The levy on sufficient property upon the collateral security, may protect the surety against further liability; but it is no payment of the original debt; nor is it a sufficient answer to allege that the plaintiffs might have obtained satisfaction after a levy upon the surety's goods, or made the sheriff liable for not doing so. Id. On the collateral security, the plaintiffs might proceed at their election; but were not obliged to hazard litigation for the benefit of the original debtors. Id. A discharge of the debtor from arrest on execution. extinguishes the judgment. Lathrop v. Briggs, 8 Cow. 171.

If a judgment-creditor has received satisfaction of a judgment, but refuses to acknowledge satisfaction, the court, on motion of the debtor, will grant an order for the purpose with costs. Briggs v. Thomson, 20 Johns. 294. Several instruments in writing and under seal, passing between parties at the same time, shall be taken as parts of the same transaction. and make together but one instrument. Thus, where a defendant was, after a judgment, surrendered by his bail, but not charged in execution. and wished to visit his family: and the plaintiff consented, and acknowledged payment of the judgment, under hand and seal, taking a bond from the defendant, of the same date with the discharge, for his return, reciting the surrender and the agreement that he might visit his family, &c.; held, that the two papers should be considered together as one instrument, and were not evidence at all under a plea of payment. Raymond v. Wheeler, 9 Cow. 296. Case lies against the plaintiff and defendant in a judgment for fraudulently setting up the judgment as unsatisfied, when in fact it is paid, causing an execution to be issued thereon, and a sale to be had of land on which the judgment when in force was a lien, where such land, subsequent to the judgment, was conveyed by the defendant and passed into the hands of a third person. Swan v. Saddlemire, 8 Wend. 676. It is not necessary in such action that actual specific damage should be shown; it it appear that the unlawful acts of the defendant occasioned trouble, inconvenience, or expense to the plaintiff, the action is sustained. Id. Where the plaintiff in such action derives his title from one of the defendants, the defendants are not allowed to allege that no interest in the land was conveyed to the plaintiff by the deed under which he claims; nor can they avail themselves of a variance between the judgment and execution. Id. It seems that an execution issued upon a judgment which has been paid and satisfied is absolutely void, and not merely voidable, and that a purchaser under such execution acquires no title. Id. It was held, that trespass would lie against a party or magistrate, who should wantonly and intentionally take out, or issue process. upon a paid judgment; that the justice in such a case would have no jurisdiction of the process; that an execution upon a paid judgment was not a regular process. McGuinty v. Herrick, 5 Wend. 248. A justice who issued a second execution, after the first was satisfied. was held to be a trespasser, though the second execution was issued through the false representation of the plaintiff that the first was lost. Lewis v. Palmer, 6 Wend. 368. It seems that an execution issued upon a judgment which has been satisfied is absolutely void, so that a purchaser under it acquires no title. Swan v. Saddlemire, 8 Wend. 681; Woodcock v. Bennet, 1 Cow. 711; 1 Johns. Ch. 154; 15 Johns. 443; 16 Johns. 571; 18 Johns. 441; Jackson v. Cadwell, 1 Cow. 622; Jackson v. Anderson, 4 Wend. 474. When defendant pays money into court, but the sum is found to be less than was then due, the verdict and judgment should be for the whole of plaintiff's demand, and the defendant would have the benefit of an endorsement on the execution to the extent of the payment; but if the sum paid be found equal to the amount due, verdict should be for defendant. Dakin v. Danning. 7 Hill, 30.

ment in the common pleas was not an extinguishment of the judgment in this court; that the discharge from imprisonment under the ca. sa. being without the consent, and against the will of the plaintiff, and according to the provisions of the state law, did not operate as a satisfaction of the judgment like a voluntary discharge; and that so long as the plaintiff may be entitled to continue in force his judgment in the common pleas, and enforce payment thereof against the future acquired property of the defendants, satisfaction of the judgment in this court, which is the foundation on which that judgment rests, ought not to be entered of record. Motion denied with costs.