### FRED STRAWSINE v. JOHN SALSBURY.

*Body execution—Imprisonment—Discharge of debtor—Revival of judgment.*

The imprisonment of a defendant on a body execution issued on a judgment in a civil suit is a satisfaction of the debt, and his discharge by reason of the failure of the plaintiff, on demand, to pay the expenses of his board and keeping, will not revive the judgment.

Error to Shiawassee. (Newton, J.) Submitted on briefs June 4, 1889. Decided June 28, 1889.

Action on a judgment, and for board of the judgment debtor while imprisoned on a body execution. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Matthew Bush* (*A. R. McBride*, of counsel), for appellant.

*John T. McCurdy* (*Hugh McCurdy*, of counsel), for defendant.

LONG, J. This is an action commenced in justice's court to recover on a judgment previously rendered in a justice's court between the same parties, and for board of the defendant while in prison on an execution on such judgment.

The defendant had been arrested and imprisoned in the county jail on the former judgment for about six weeks, and his counsel claim that such imprisonment released the defendant from all further liability on such judgment. The plaintiff's claim is that such imprisonment did not relieve the debtor from his obligation to pay the judgment.

The suit was commenced one day before the judgment would have been barred by the statute of limitations.

Plaintiff had judgment in the justice's court, and defendant appealed to the circuit, where on a trial before a jury he prevailed. Plaintiff brings the case to this Court by writ of error.

The only point argued by plaintiff's counsel in· this Court is upon error assigned on the following portion of the charge of the trial court:

" I will charge you in this case that if you find from the evidence that the defendant in this suit was arrested and imprisoned on the execution issued on the original judgment rendered by and before Mr. Peter C. Carruthers, a justice of the peace, as testified to by him, and that an execution was issued and placed in the hands of Albert Frain, a deputy-sheriff of this county, for execution, and that by virtue of said execution the defendant was arrested and imprisoned in the county jail, and if you further find that the plaintiff authorized such arrest and imprisonment by himself personally or by an attorney, and that the defendant was kept in jail under such arrest for six weeks, and his board during that time was paid for by the plaintiff in this suit, or by his agent for him, and if after that time the plaintiff or his agent refused further to pay such board to Mr. Clark D. Smith, then the sheriff of this county, after plaintiff or his agent had been appealed to for that purpose, and a reasonable time afforded him or his agent to do so, and·that they refused or unreasonably neglected to do so, and that the sheriff then released the defendant from custody, plaintiff would not be entitled to recover."

Error is also assigned upon the following portion of the charge:

" There has been no testimony given in the case to support any claim except the claim upon the judgment; no proof here or claim in the declaration for any amount of money paid for the board and maintenance of this party while he was in jail, or at his request or for his benefit. There is no evidence under the pleadings in the case which will entitle the plaintiff to recover for anything beyond the amount of the judgment, $25, and $10 costs,. and the interest thereon from that time, if you find the case as I have presented it to you."

This claim is not insisted upon here, or argued, and will be treated as abandoned.

How. Stat. § 8960, provides:

"That, whenever any person shall be committed to any jail by virtue of an execution issued or proceeding founded on a judgment rendered in any civil suit, the plaintiff or defendant at whose instance such person shall be so imprisoned shall pay on demand, to the sheriff or the keeper of the common jail of the county, the expenses of the board and keeping of such person so imprisoned; and the said sheriff or keeper of said jail shall not be required to retain such person any longer in jail than such expenses of said board and keeping shall be paid in advance, nor shall such expenses constitute any charge against the county."

The court was not in error in this charge. It is well settled at the common law that the detaining of the body in execution is a satisfaction of the debt, and you cannot afterwards take the goods. *Cooper v. Bigalow*, 1 Cow. 56; *Lathrop v. Briggs*, 8 Id. 171; *Ransom v. Keyes*, 9 Id. 128.

It is contended, however, by counsel for the plaintiff, that the plaintiff was not in fault for the discharge from custody, and did not consent thereto, and that the discharge of the defendant from custody for failure to pay the board and expenses of keeping, etc., as provided by statute, operated to revive the judgment. This is not so. The statute expressly provides that the party at whose instance such person shall be imprisoned shall pay on demand to the sheriff such expenses, and the sheriff is not required to retain such person any longer than such expenses are paid in advance.

The court fairly submitted the question to the jury as to whether the plaintiff or his agent, after being appealed to to pay such expenses, neglected and refused to pay the same, and if they unreasonably neglected to do so after such demand, and the sheriff thereupon released the defendant, the plaintiff could not recover. The court, in a further instruction, expressly told the jury, if they found that the plaintiff or his agent was not notified to pay such expenses, and did not neglect to do so, and that the sheriff let him go without the

knowledge and consent of the plaintiff or his agent or attorney, then the plaintiff would be entitled to recover the amount of such judgment, costs, and interest. If either party had a right to complain of this portion of the charge it was the defendant.

Counsel now insist that the court was in error in stating to the jury that, if the plaintiff's *agent* refused to pay the expenses on demand, the sheriff would have the right to discharge the defendant, and no recovery could be had. It is evident from other parts of the charge that in speaking of the plaintiff's *agent* the jury must have understood the court to have reference to the plaintiff's attorney, and the demand, as it appears from the record, was made by the sheriff upon him for the payment of such expenses. No demand was ever made upon the plaintiff personally.

Mr. McBride, an attorney at law, was the attorney in the case, and it appears took the execution, and delivered it to the sheriff for service, and from him the sheriff received his expenses for keeping the defendant, so far as any such expenses were paid. He seems to have had the entire control and direction of the matter, with authority to issue execution, and to enforce and collect the judgment, and under these circumstances, and in the absence of proof to the contrary, it will be presumed that he did not exceed his authority. When demand was made for further expenses, he neglected to pay it, and by reason of such neglect or refusal the sheriff refused longer to keep the defendant in custody.

The imprisonment itself operated as a satisfaction of the debt, and the discharge did not revive the judgment. This is not an action against the sheriff for an escape, but an action on a judgment which was satisfied by the arrest and imprisonment.

We find no error in the record of which plaintiff can complain, and the judgment must be affirmed, with costs.

The other Justices concurred.