## Charles Wiltshire et al.
## v.
## Elizabeth Lambert.

*Real Property—Bill to Remove Cloud—Judgment.*

1.   The greatest effect which the law gives to a commitment on a *ca. sa.* is a suspension of the other remedies on the judgment during its continuance; whenever it terminates, without the consent of the creditor, the plaintiff is restored to them all as fully as if he had never made use of any.   If the defendant escape, or is discharged by operation of law, the judgment retains its lien, and may be enforced on his property.

2.   Where a judgment has been satisfied, resort may be had to equity to remove the cloud on title to real estate of the debtor, however complete the power of the common law court to enter satisfaction for it, for matters subsequent to its rendition.   But the satisfaction of the judgment is a *sine qua non* to a bill to remove it as a cloud.

[Opinion filed June 3, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. Loren C. Collins, Judge, presiding.

Mr. John N. Jewison, for appellant Wiltshire, and *pro se.*

Mr. Frank A. Johnson, for appellee.

Gary, J.   The appellant Wiltshire recovered in an action for slander, a judgment for $5,000 against the appellee, his mother-in-law, which we may assume was unfair, and put her in jail.

On habeas corpus she was released, but on what grounds does not appear.   The judgment, therefore, except so far as her imprisonment is a credit upon it, under the statute, at the rate of $1.50 per day, remains in force.   " The greatest effect which the law gives to a commitment on a *ca. sa.* is a suspension of the other remedies on the judgment during its continuance; whenever it terminates without the consent

of the creditor, the plaintiff is restored to them all as fully as if he had never made use of any." "If the defendant escape, or is discharged by operation of law, the judgment retains its lien, and may be enforced on his property." Taylor v. Thompson, 5 Peters, 358, citing English cases as authority. The text writers state the same principles, and undoubtedly such is the law.

The appellee filed a bill to have the judgment removed as a cloud upon her title to real estate; the decree was in her favor; this appeal is from that decree.

If the judgment had been satisfied, it is not for the purposes of this case questioned, that resort might be had to equity to remove the cloud, however complete the power of the common law court to enter satisfaction for it, for matter subsequent to its rendition. Bacon's Abr., title, *Au dita querela*. But the satisfaction of the judgment is a *sine qua non* to a bill to remove it as a cloud, and therefore the decree is erroneous, and is reversed, and the bill dismissed.

*Decree reversed and bill dismissed.*