ELIZABETH LAMBERT

*v.*

CHARLES WILTSHIRE *et al.*

*Filed at Ottawa, January 19, 1893.*

1. CAPIAS AD SATISFACIENDUM — *discharge of defendant — satisfaction of the judgment.* The discharge of any debtor under the provisions of the act of 1853, entitled "An act in relation to committals to jail upon writ of *ca. sa.*," is no discharge or satisfaction of the debt, damages or costs named in such writ, but the judgment will continue in full force and effect against the property and effects of such debtor. That statute extends to cases of malicious torts as well as to cases of contracts, and the placing its sections in the revision of 1874 under the head of "insolvent debtors" did not change the meaning in this respect.

2. The discharge of a defendant on a *capias ad satisfaciendum*, issued upon a judgment for a malicious tort, because of the failure of the plaintiff in the judgment to advance and pay to the jailer the fees for receiving, or for the board of such defendant, is such a discharge as removes the presumptive satisfaction of the judgment by reason of the arrest and imprisonment of the defendant.

APPEAL from the Appellate Court for the First District ; — heard in that court on appeal from the Circuit Court of Cook county; the Hon. L. C. COLLINS, Judge, presiding.

Mr. FRANK A. JOHNSON, for the appellant.

Mr. JOHN N. JEMISON, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court :

Charles Wiltshire recovered a judgment in an action on the case for slander against Elizabeth Lambert, and caused her to

be arrested and imprisoned upon a *capias ad satisfaciendum* issued upon that judgment. She was afterwards discharged from imprisonment on *habeas corpus.* The present bill prays that the collection of the judgment be enjoined, for the reason that it was satisfied by her arrest and imprisonment. It is to be inferred that the discharge on *habeas corpus* was because of the failure of Wiltshire to advance and pay to the jailer his fees for receiving, or for boarding her, or for both, because it is not negatived in the bill that the decree was in consequence of such failure; and so the question is presented whether the discharge of a defendant, arrested on a *capias ad satisfacien-dum* issued upon a judgment for a malicious tort, because of the failure of the plaintiff in the judgment to advance and pay to the jailer the fees for receiving or for the board of such defendant, is such a discharge as removes the presumptive satisfaction of the judgment by reason of the arrest and imprisonment of the defendant.

An act of the General Assembly, entitled "An act in relation to committals to jail upon writs of *ca. sa.*" was approved on the 12th of February, 1853. Laws of 1853, p. 258. The first section enacts : " That in all cases where any person shall be committed to the jail of any county upon any writ of *capias ad respondendum,* or *capias ad satisfaciendum,* issued in a civil suit, it shall be the duty of the creditor in such writ to pay the keeper of the jail the fees of the jailer or sheriff for receiving the same, and his board for one week at the time the debtor shall be committed to such jail, and before the jailer shall be bound to receive the debtor, and in default of such payment such debtor may be discharged from such arrest."   *   *   *

And it is enacted in the second section that, " should such debtor be detained in jail under such writ for more than one week, it shall be the duty of such creditor at the commencement of each week to advance and pay to such jailer or sheriff the board of such debtor for each succeeding week that such

debtor may be detained in such jail, and in default of such payment in advance, said debtor may be discharged by such jailer or sheriff. * * * The discharge of any debtor under the provisions of this act shall be no discharge or satisfaction of the debt, damages or costs named in such writ; but the same shall be in full force against the property and effects of said debtor."

No one, we presume, would claim that this statute does not extend to cases of malicious torts as well as to cases of contracts, for its terms are as broad and comprehensive as can be employed.

The title of the act shows that it is to apply to *all* cases of " committal to jail upon writs of *ca. sa.*," for there are no qualifying or restrictive words. And the statute is express that " in *all cases* where any person shall be committed to the jail of any county upon any writ of *capias ad respondendum* or *capias ad satisfaciendum*, issued in a civil suit," its terms shall apply. It is surely supererogation to affirm that actions for malicious torts are civil suits, and so within this language. These enactments have remained in force since their approval, but in the revision of 1874 they are placed under the head of " insolvent debtors " as sections 30, 31, 32, 33 and 34 of that chapter, (see R. S., 1874, pages 588 and 589); but it is impossible that they can mean anything different by the mere fact of placing them thus in the statutes. What they meant when enacted, on the 12th of February, 1853, they must now mean. And since they then extended to malicious torts, they must now extend to them. And so the judgment in favor of Wiltshire and against Lambert is necessarily unsatisfied and still in force, notwithstanding her arrest and imprisonment.

The judgment is affirmed.

*Judgment affirmed.*