## Elsie Nelson, Defendant in Error, v. Ephraim Swanson, Plaintiff in Error.

### Gen. No. 19,320.    (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed May 19, 1914.

### Statement of the Case.

Proceeding by Ephraim Swanson for a discharge from arrest under a *capais ad satisfaciendum* issued

---

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

on a judgment in favor of Elsie Nelson after the return of a writ of *fieri facias, nulla bona.*

It was urged as ground for a discharge that the affidavit was defective and fatal because an unreasonable length of time intervened between the time the affidavit was sworn to and the day it was filed in court.

To reverse an order of the Superior Court denying a motion to quash the *capias,* the petitioner brings error.

SAMUEL J. RICHMAN, for plaintiff in error.

EUGENE STEWART and WILLIAM REEDA, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

## Abstract of the Decision.

1. EXECUTION, § 286*—*when a writ of ca. sa. will issue without an affidavit.* A *capias ad satisfaciendum* may be ordered against the body of the judgment debtor upon the mere motion of the judgment creditor based on the record without any affidavit, where the record shows that the judgment was entered in a case where malice was the gist of the action.

2. EXECUTION, § 286*—*when insufficiency and time of filing affidavit for a ca. sa. immaterial.* Whether an affidavit for a *capias ad satisfaciendum* was filed within a reasonable time after it was sworn to or whether it was sufficient to justify the issuance of the *capias* is wholly immaterial, where the record shows that the judgment was entered in a case wherein malice was the gist of the action, and the judgment creditor files a motion for a *capias* based on the record.

3. EXECUTION, § 278*—*when capias ad satisfaciendum may issue.* The filing of a creditor's bill by the judgment creditor does not cut off his right to resort to the remedy provided by statute for the enforcement of the judgment by *capias,* where the judgment is unsatisfied.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.