# Marshall Field & Company, Plaintiff in Error, v. Isidor B. Freed, Defendant in Error.

## Gen. No. 20,190.

1. WORDS AND PHRASES,—*word "or" defined.* The word "or" imports a choice between two alternatives, and, as ordinarily used, ·means one or the other of two, but not both.

2. EXECUTION, § 282*—*issuance against body and property at common law.* At common law an execution against the property of a defendant and against his body could lawfully be issued simultaneously.

3. EXECUTION, § 282*—*right to simultaneous executions against body and property under statute.* Under R. S. ch. 77, sec. 4 (J. & A. ¶ 6750) providing that the person in whose favor any judgment may be obtained "may have execution thereon in the usual form, directed to the proper officer of any county, in this state, against the lands and tenements, goods and chattels of the person against whom the same is obtained, or against his body, when the same is authorized by law," a judgment creditor is entitled to have either writ, at his option, but not both at the same time, since to give the disjunctive "or" in the statute the effect of the conjunction "and" would, in effect, merely render the section declaratory of the common law.

4. EXECUTION, § 36*—*choice of remedies.* There is no inconsistency between the remedy by *capias ad satisfaciendum* and that by execution against the property.

5. EXECUTION,—*when capias ad satisfaciendum not barred by resort to fieri facias.* A judgment creditor electing in the first instance to sue out a *fieri facias* is not thereby precluded from subsequently securing a writ of *capias ad satisfaciendum,* upon the return of the *fieri facias nulla bona,* such election not being final in the absence of satisfaction.

6. EXECUTION, § 308*—*when imprisonment on ca. sa. regarded as satisfaction of judgment.* Where a judgment creditor in a tort action sues out a· *capias ad satisfaciendum* in the first instance, and the defendant is arrested and imprisoned upon such writ, his arrest and imprisonment are regarded prima facie as a satisfaction of the judgment.

7. EXECUTION,—*effect of imprisonment on ca. sa. as suspending remedies.* While imprisonment continues upon a writ of *capias ad satisfaciendum,* it operates as a suspension of all other remedies on the judgment.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

8. EXECUTION, § 306*—*what is effect of termination of imprisonment on ca. sa.* Where imprisonment under a writ of *capias ad satisfaciendum* is terminated without the consent of the creditor, the judgment remains unsatisfied, except in so far as the imprisonment is a credit upon it, under the statute, at the rate of $1.50 per day.

9. EXECUTION, § 306*—*what is effect of discharge from imprisonment under Insolvent Debtors' Act.* Where a judgment debtor imprisoned under a *capias ad satisfaciendum* is discharged under the provisions of the Insolvent Debtors' Act (R. S. ch. 72, sec. 33, J. & A. ¶ 6230), such discharge does not constitute a satisfaction of the judgment, and the same may be enforced by execution against the property.

10. EXECUTION, § 306*—*what is effect of discharge from arrest for nonpayment of board.* Where a judgment debtor imprisoned under a *capias ad satisfaciendum* is discharged because of failure of the arresting creditor to advance and pay the jail fees for board, etc., such discharge removes the presumption of satisfaction arising from the arrest and imprisonment of the debtor, and the creditor may thereafter proceed by execution against the property.

11. EXECUTION,—*what is effect of election to proceed against property or body.* The only practical consequence of an election to sue out a writ directed against the property of a judgment debtor, or one directed against his body, is to suspend his right to sue out another writ until the first has been returned unsatisfied in whole or in part.

12. EXECUTION, § 286*—*procedure to secure ca. sa.* Even though R. S. ch. 77, secs. 4, 5 (J. & A. ¶¶ 6750, 6751) should be construed as permitting the issuance of a writ of *capias ad satisfaciendum* in tort actions, in the first instance, merely on motion of the judgment creditor and without any preliminary affidavit, it would not render that practice proper where the writ is sought as a second or alternative writ after an execution against the property has been returned unsatisfied the practice in the latter case being governed by section 62 (J. & A. ¶ 6809).

13. EXECUTION,—*how statute as to body executions construed.* The statute permitting the issuance of executions against the body is penal in character and must be strictly construed.

14. EXECUTION,—*what essential to issuance of ca. sa. after execution against the property.* Under R. S. ch. 77, sec. 62 (J. & A. ¶ 6809), no execution against the body can be issued in any action, whether in tort or in contract, after the return of an execution against the property unsatisfied in whole or in part, except upon a compliance with the terms of that section.

Marshall Field & Co. v. Freed, 191 Ill. App. 619.

Error to the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed March 11, 1915. Rehearing denied March 24, 1915.

FRANK P. LEFFINGWELL, for plaintiff in error.

BERNARD J. BROWN, for defendant in error.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

The plaintiff, Marshall Field & Company, recovered a judgment in the Superior Court against the defendant, Isidor B. Freed, in an action on the case for fraud and deceit. Due service of process was had on the defendant and he entered his appearance, but filed no plea. A default was thereupon entered for want of a plea, and the damages were assessed by a jury. A writ of *fieri facias* was issued and placed in the hands of the sheriff. In due course, the sheriff returned this writ "no property found and no part satisfied," certifying in his return that he had made a demand upon the defendant for the surrender of property to satisfy the writ, and had informed him that if he failed to comply with such demand he would be liable to arrest upon an execution against his body. Several months later, apparently as a matter of course and without any preliminary affidavit being filed, an order was entered directing the issuance of a *capias ad satisfaciendum,* and under this writ the sheriff arrested the defendant and committed him to jail on October 2, 1913. The next day, on motion of the defendant, an order was entered quashing the *capias,* and the defendant was released from custody. On October 4, 1913, the plaintiff made a motion to vacate the order quashing the writ, and on October 27, 1913, this motion was heard and overruled. Exceptions were duly preserved to each of these rulings, and this writ of error is prosecuted to review the same.

Section 4 of chapter 77, R. S. (J. & A. ¶ 6750), provides that the person in whose favor any judgment may be obtained "may have execution thereon in the usual form, directed to the proper officer of any county, in this state, against the lands and tenements, goods and chattels of the person against whom the same is obtained, *or* against his body, when the same is authorized by law." Section 5 (J. & A. ¶ 6751) of the same chapter provides that "no execution shall issue against the body of the defendant, except when the judgment shall have been obtained for a tort committed by such defendant, or unless the defendant shall have been held to bail upon a writ of *capias ad satisfaciendum* (*respondendum*) as provided by law, or he shall refuse to deliver up his estate for the benefit of his creditors." Section 62 (J. & A. ¶ 6809) of the same chapter provides, in substance, that if upon the return of an execution unsatisfied, in whole or in part, the judgment creditor, or his agent or attorney, shall make an affidavit to the effect that he believes the debtor has property which he unjustly refuses to surrender, or that since the debt was contracted the debtor has fraudulently disposed of some part of his property to defraud his creditors, and shall procure the order of some judge or master in chancery certifying that the affidavit shows probable cause for the issuance of an execution against the body of the debtor, then such a writ may be issued.

Counsel seem to agree that all the questions here presented depend upon the proper construction to be given to the word "or," as used in section 4, *supra*. Plaintiff's counsel contends in substance, that the word "or," as used in that section, does not require the judgment creditor in a tort action to *elect* whether he will have an execution against the property of the debtor, *or* one against his body, but that he may have either or both, at any time until satisfaction is obtained. If this contention be sound, the word "and," rather than the word "or," should properly have been

Marshall Field & Co. v. Freed, 191 Ill. App. 619.

used in the section in question, and this, in effect, is
the position of plaintiff's counsel. Defendant's coun-
sel, on the other hand, insists that the word "or" was
advisedly and not carelessly used, and requires the
creditor to elect which of the two writs he will have,
and that such election when made is final, precluding
any subsequent resort to the other kind of execution.

In support of defendant's contention, his counsel
cites the case of *Schwarzschild & Sulzberger v. Gold-
stein*, 121 Ill. App. 1. The decision in that case turned
upon the construction of section 3 of article 11 of the
Act in relation to justices of the peace (R. S. ch. 79,
J. & A. ¶ 6981), which reads as follows: "Upon all
judgments in actions in tort, or where the defendant
is in custody or has been held to bail upon a *capias*,
as provided in this act, the justice may issue an execu-
tion against the body *or* goods and chattels of the de-
fendant, *at the election of the plaintiff*." The court
held—Mr. Justice Adams delivering the opinion of the
court—that the words "at the election of the plain-
tiff," in connection with the word "or," as found in
the section of the statute then under consideration,
could only be given effect by requiring the plaintiff to
a judgment in a justice's court to choose whether he
will have an execution against the body of the defend-
ant, or an execution against his property, and that such
choice, when made, is followed by the usual conse-
quences attendant upon an election between *inconsistent*
remedies. It appears that in that case an execution
against the property of the debtor had been issued
and returned before the *capias* was issued, and
the court held upon the principle above stated, that
the issuance of the first writ constituted an election
within the meaning of the statute, and that the conse-
quence of such election was that the *capias* subse-
quently issued was unauthorized.

It will be noted that the clause "at the election of
the plaintiff," which is contained in the section of the
Justices' Act that was under consideration in the case

cited, is not found in section 4 of chapter 77, or elsewhere in that chapter, which relates to judgments and executions in courts of record. Nevertheless, the word "or," even without that clause, imports a choice between two alternatives. As ordinarily used, it means "one or the other of two, but not both." 29 Cyc. 1502; *Kuehner v. City of Freeport*, 143 Ill. 92, 100. At common law an execution against the property of a defendant and against his body could lawfully be issued simultaneously. The fact that either writ had been issued and was in the hands of the sheriff unexecuted did not, at common law, preclude the right to the issuance of the other. 17 Cyc. 1504. The judgment creditor had the right to both writs at the same time, though he could have but one satisfaction. If, therefore, the Legislature had used the word "and" in section 4 instead of the word "or," that section would have been merely declaratory of the common law in this respect. This suggests at once that the word "or" in that section was advisedly and intentionally used, and indicates an intention on the part of the Legislature to change the common-law rule by giving to the judgment creditor in a court of record the right to have either writ at his option, but not both *at the same time*. We are clearly of the opinion that this is the sense in which it is used in section 4.

In this case, the writs were not both issued at the same time. The *capias* was not issued until after the *fieri facias* had been returned *nulla bona*. The first question to be determined, therefore, is whether the plaintiff, by electing in the first instance to sue out a *fieri facias* upon his judgment, was precluded from *afterwards* having a *capias ad satisfaciendum* upon the return of the first writ unsatisfied. There is no inconsistency in these remedies. The purpose of each is to obtain satisfaction of the judgment. If the plaintiff in a judgment in tort sues out a *capias ad satisfaciendum* in the first instance, and the defendant is

arrested and imprisoned upon such a writ, his arrest and imprisonment are regarded prima facie as a satisfaction of the judgment. 17 Cyc. 1504. While such imprisonment continues, it operates as a suspension of all other remedies on the judgment. But if the imprisonment is terminated without the consent of the creditor, the judgment still remains unsatisfied, except so far as the imprisonment is a credit upon it, under the statute, at the rate of $1.50 per day. *Wiltshire v. Lambert*, 44 Ill. App. 473. Or if, in such case, the debtor be discharged under the provisions of the Insolvent Debtors' Act, then, by the express terms of that Act (sec. 33, ch. 72, J. & A. ¶ 6230), such discharge does not constitute a satisfaction of the judgment, and the same may be enforced by an execution against the property of the debtor, notwithstanding the prior issuance of the *capias ad satisfaciendum*. Or if, in such case, the debtor be discharged from arrest because of the failure of the arresting creditor to advance and pay the jail fees for board, etc., such discharge removes the presumption of satisfaction arising from the arrest and imprisonment of the debtor, and the creditor may thereafter proceed by execution against the property of the debtor, notwithstanding the fact that an execution against the body was previously issued. *Lambert v. Wiltshire*, 144 Ill. 517. It therefore appears that if the creditor elects, at the first time he is called upon to make such an election, to sue out an execution against the body of the debtor, such election is not final unless satisfaction is obtained. On the other hand, if a judgment creditor, instead of suing out a *capias ad satisfaciendum* in the first instance, elects to sue out an execution against the property of the debtor, and such writ proves unavailing and is returned "no property found and no part satisfied," after proper demand, then the creditor may unquestionably have successive writs of the same kind until full satisfaction has been obtained, or, if the facts warrant it, he may have a *capias ad satisfaciendum,* notwithstanding the issuance of the first writ, by

complying with the provisions of section 62 of chapter 77, above quoted.

In all of the cases above mentioned, the practical consequences of an election on the part of a judgment creditor to sue out either form of writ in the first instance have been thus fully and clearly provided for by statute. In none of such cases, therefore, is there any occasion or any room for the application of the doctrine of election between inconsistent remedies. In all of such cases, while it is clear that the Legislature did not intend that a judgment creditor may have both writs at the same time, it is quite as clear that the only practical consequence of an election on his part to take out either form of writ is to suspend his right to sue out another writ until the first has been returned unsatisfied, in whole or in part.

The question then naturally arises, has a judgment creditor in a tort case the right, after the return of a first execution unsatisfied, in whole or in part, to sue out a *capias ad satisfaciendum* without taking the preliminary steps prescribed by section 62 of chapter 77. Section 4 of that chapter states that the plaintiff may have an execution against the body only "when the same is authorized by law." Section 5 forbids the issuance of such an execution except in three enumerated cases, one of which is "when the judgment shall have been obtained for a tort committed by such defendant." The only authority for the issuance of a *capias ad satisfaciendum* in the first instance is found in these two sections, and neither of those sections states how or in what manner such a writ may be obtained. It is commonly understood that an execution against the body may be issued, in any tort action, on mere motion of the judgment creditor, without any preliminary affidavit, and there is judicial authority for this view of the matter. *Nelson v. Swanson,* 186 Ill. App. 632. Conceding that sections 4 and 5 may properly be construed as authority for that practice in cases where the judgment creditor elects to sue out a *capias ad satisfaciendum* in the first instance, it does

not follow, however, that a judgment creditor may have such a writ as a second or alternative writ after an execution against property has been issued and returned unsatisfied in whole or in part. Section 62 explicitly prescribes the procedure that shall be followed whenever a judgment creditor desires to have a *capias ad satisfaciendum* issued "upon the return of an execution unsatisfied, in whole or in part." That section makes no distinction between executions issued upon judgments in tort and those issued upon judgments in actions *ex contractu*. By its express terms, it applies to all cases in which an execution has been issued and returned "unsatisfied in whole or in part," after a proper demand has been made upon the debtor for the surrender of property to satisfy the execution. The statute permitting the issuance of executions against the body is penal in its nature, and must be strictly construed. When thus construed, we think it must be held that the Legislature intended to provide by section 62 that no execution against the body should be issued in any case after the return of a property execution unsatisfied in whole or in part, except upon a compliance with the provisions of that section. It follows that although the issuance of the first writ in this case did not constitute a technical "election," in the sense in which that word is used when applied to an election between inconsistent remedies, still the *capias* issued in this case was not "authorized by law" because it was issued after the return of an execution unsatisfied, without following the procedure prescribed by section 62.

We conclude, therefore, that the Superior Court did not err in quashing the *capias* on motion of the defendant, nor in denying the motion to vacate the order quashing the writ, for the reasons above stated, and the action of the Superior Court will consequently be affirmed.

*Affirmed.*