KARASIEWICZ v. KENT CIRCUIT JUDGE.

1. EXECUTION—CAPIAS AD SATISFACIENDUM—SATISFACTION OF JUDGMENT.

The contention of defendant judgment debtor that the taking of his body in execution is a satisfaction of the judgment is without merit.

2. SAME—EXECUTION MAY ISSUE AGAINST PROPERTY WHILE CA. SA. UNRETURNED—MANDAMUS.

In view of 3 Comp. Laws 1915, §§ 12843, 12825, the court rendering the judgment or decree against defendant may, by its order, permit the issuance of a *fi. fa.* while there is an execution against his body unreturned, and *vice versa*, and therefore mandamus will not issue to compel the circuit judge to set aside an order allowing the issuance of an execution against the property of defendant while he still enjoyed the liberty of the jail limits on his bond, when he was guilty of no breach of its conditions, and when the *ca. sa.* was unreturned.

Mandamus by Walter Karasiewicz to compel Willis B. Perkins, circuit judge of Kent county, to vacate

On arrest under body execution and discharge under poor debtor's act as a satisfaction of the debt, see note in 14 A. L. R. 505.

an order denying a motion to recall an execution. Submitted August 28, 1921. (Calendar No. 29,428.) Writ denied March 30, 1922.

*Frank J. Powers,* for plaintiff.

*C. G. Turner,* for defendant.

CLARK, J. In the case of Hovhannes S. Dingilian and Susan Dingilian, plaintiffs, *v.* Walter Karasiewicz and Louisa Karasiewicz, defendants, Kent circuit, an execution against the property of defendants was issued and returned *nulla bona.* An execution against the body of the first-named defendant, *capias ad satis-faciendum,* was issued, said defendant taken into custody, and immediately enlarged upon a jail limits bond. 3 Comp. Laws 1915, § 13000 *et seq.* Upwards of two years later, when said defendant still enjoyed the liberty of the jail limits, when he was guilty of no breach of the conditions of the said bond, and when the *ca. sa.* was unreturned, said plaintiffs, learning that the defendants had property which could be reached by an execution against the same, petitioned the circuit court for an order allowing the issuance of such execution. The order was made and the execution issued. Defendants moved to set aside the order and recall the execution. The motion was denied. We are asked on mandamus to compel the granting of the motion. Karasiewicz, plaintiff in mandamus, contends:

1. That the taking of his body in execution is a satisfaction of the judgment, citing *Strawsine* v. *Salsbury,* 75 Mich. 542, and other cases. The contention is without merit. See *Stephenson* v. *Purchase,* 214 Mich. 95, where the question is fully discussed and the earlier decisions of this court are reviewed and distinguished.

2. That while his body is had in execution the right

to pursue other remedies against him is suspended, citing *In re Lauer's Estate*, 184 Mich. 497; *Grosslight* v. *Wayne Circuit Judge*, 127 Mich. 414; *La Branch* v. *Herbst*, 192 Mich. 129; and he relies upon the statute (3 Comp. Laws 1915, §§ 12843, 12844) :

"When the body of a party shall have been taken on an execution issued for that purpose, no other execution can be issued against him or his property, except in cases specially provided for by law.

"But if any person who shall have been taken on an execution shall escape, he may be retaken by a new execution against his body, or an execution against his property may be issued, in the same manner as if no execution had been previously issued against the body or the property of such person."

The defendant circuit judge held that this is one of the "cases specially provided for by law" (section first above quoted), and that authority to make the order is found in section 12825, 3 Comp. Laws 1915:

"Executions, whether against the property of any person, or against the body of any person, for the collection of judgments and decrees of courts of record in this State, may be issued at the same time to sheriffs of different counties and enforced therein by them, but no execution against the body of any person shall issue, while there is an execution against his property not returned, nor shall an execution against the property of any person be issued while there is an execution against his body unreturned, unless by order of the court rendering such judgment or decree."

The above section in its present form first became a part of our statute law by Act No. 219, Pub. Acts 1899, superseded all of section 10305, 3 Comp. Laws 1897, except the amendment clause thereof, and made the statute more definite without affecting substantially its purpose.

By Act No. 269, Pub. Acts 1899, 3 How. Stat. § 7669a, being the amendment clause of section 10305, 3 Comp. Laws 1897:    "That chapter 106, § 10, be so

amended that but one execution shall issue at the same time" was repealed. See *Atwood* v. *Bearss*, 45 Mich. 469.

In the *Grosslight Case, supra,* and the *La Branch Case, supra,* and the *Lauer's Estate Case, supra,* the question of an execution issued by an order of court while another execution was unreturned was not involved. But in *Sink* v. *Oceana Circuit Judge,* 146 Mich. 121, it was held (quoting from syllabus):

"Under sections 10301 and 10305, 3 Comp. Laws, an execution cannot issue against the body of a defendant while an execution against his property is unreturned, and *vice versa,* without an order of the court."

The part of section 10305, 3 Comp. Laws 1897, there under consideration reads:

"No execution against the body of any party shall issue while there is an execution against his property not returned, nor shall an execution against the property of any party be issued, while there is an execution against his body unreturned, unless by order of the court."

And it is intimated in *Umphrey* v. *Emery,* 121 Mich. 184, that by an order of court a body execution might have issued before the return of the *fi. fa.*

Having in mind that the section first above quoted (§ 12843) has the exception "except in cases specially provided by law" and giving the language of the section (§ 12825) above quoted its plain meaning, it is apparent that the court rendering the judgment or decree may by its order permit the issuance of a *fi. fa.* while there is an execution against the body unreturned, and *vice versa.*

And upon the cause here shown we find, in the making of the order complained of, no abuse of discretion. As said by the circuit judge from a contrary holding:

"It must follow that by giving the statutory jail

limits bond he has actually defeated the plaintiff's claim, unless there shall be an escape. By remaining within the jail limits he may acquire property to any extent and be indefinitely immune from molestation either as to his person or his property."

Writ denied, with costs to defendant.

FELLOWS, C. J., and WIEST, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.