BAEHR v. DECKER.

1. EXECUTION—CAPIAS AD SATISFACIENDUM—DISCHARGE—AVAILABILITY OF GARNISHMENT AND OTHER REMEDIES.

Release of defendant, imprisoned under a *capias ad satisfaciendum*, because creditor discontinued payment of statutory fees to sheriff for keeping defendant or for any reason except affirmative act of judgment creditor frees judgment debtor from future arrest upon a *capias ad satisfaciendum* but does not discharge judgment debt and although during confinement no other process could issue, upon release other process, including garnishment, remains available (3 Comp. Laws 1929, § 14756).

2. SAME—CAPIAS AD SATISFACIENDUM—CASE OVERRULED.

Release of judgment debtor from imprisonment under *capias ad satisfaciendum* by reason of judgment creditor's failure to pay sheriff statutory fees for keeping debtor is by operation of law and not by consent of plaintiff, *Strawsine* v. *Salsbury*, 75 Mich. 542, being expressly overruled as being a retention of an incongruous rule of the common law (3 Comp. Laws 1929, § 14756).

Appeal from Wayne; Stein (Christopher E.), J., presiding. Submitted May 25, 1937. (Calendar No. 39,377.) Decided June 29, 1937.

Garnishment proceedings by Carl Baehr against Murl Decker, principal defendant, and Dahlinger-Kay, Inc., a corporation, garnishee defendant. Principal defendant reviews denial of motion to quash by appeal in the nature of mandamus. Writ denied.

*McIntyre & McIntyre,* for plaintiff.

*Dykema, Jones & Wheat* (*Benjamin J. Manley,* of counsel), for defendant.

WIEST, J.   Upon a judgment in a tort action against defendant, plaintiff sued out a body execution or *capias ad satisfaciendum,* placed defendant in jail, paid the jail fees for a time, then neglected further payment and defendant was released from custody as provided by 3 Comp. Laws 1929, § 14756.   Thereafter plaintiff sued out a writ of garnishment on the judgment and defendant moved to quash the writ on the ground that his discharge from custody, under the circumstances mentioned, satisfied the judgment. The court denied the motion and defendant reviews by appeal in the nature of mandamus, and presents the following question:

"Where defendant is incarcerated in the county jail under a writ of *capias ad satisfaciendum,* and thereafter released from custody through the failure and neglect of the plaintiff to pay to the sheriff the statutory fees for his keeping, does this constitute a release and discharge of the judgment?"

Such a release renders the defendant free from future arrest upon a *capias ad satisfaciendum* but does not discharge the judgment.   While in custody no other process could issue on the judgment but upon release, otherwise than by the express consent of plaintiff, the judgment stands unaffected thereby, and process thereon for collection purposes thereafter, with the exception of another *capias ad satisfaciendum* remains available.

While a defendant is in custody that remedy is exclusive.   If discharged under the insolvent debtor's act (3 Comp. Laws 1929, § 15365 *et seq.*) there is no

satisfaction of the judgment. *Stephenson* v. *Purchase,* 214 Mich. 95 (14 A. L. R. 496). If discharged from imprisonment by reason of any affirmative act of the judgment creditor then the judgment is satisfied in the sense that no further process may issue thereon.

Black on Judgments (2d Ed.), § 1011, states the true rule, which is one of process or procedure only:

"The arrest and imprisonment of the defendant on a writ of *capias ad satisfaciendum* is a satisfaction of the judgment against him in such a sense that, while such imprisonment lasts, no proceedings can be taken against his property."

And in section 1012, states:

"At common law, the discharge of the defendant from custody under a *capias ad satisfaciendum,* by the voluntary act of the plaintiff, operated in law as an absolute satisfaction of the judgment. * * * But the rigor of this rule has been relaxed in various States by statutes or judicial decisions. And it is now held that further proceedings upon the judgment are not precluded if the defendant regains his liberty, * * * by the act of the law, or by a discharge under the insolvent laws, or by reason of the plaintiff's refusing to pay the prison fees."

"The discharge of a debtor from prison, on the refusal of the creditor to pay for his support in jail, is not a discharge of the debt." 14 A. L. R. p. 507, citing *Nadin* v. *Battie,* 5 East. 147 (102 Eng. Rep. 1025); *Prentiss* v. *Hinton,* 6 Blackf. (Ind.) 35; *Kellogg* v. *Underwood,* 163 Mass. 214 (40 N. E. 104); *Sharpe* v. *Speckenagle,* 3 Serg. & Rawle (Pa.), 463; *Hidden* v. *Saunders,* 2 R. I. 391.

In *Prentiss* v. *Hinton, supra,* the court said:

"But this court has decided, that the discharge of a debtor in execution because the plaintiff refuses to

pay the prison fees, is not a discharge with the consent of the plaintiff. *Tatum* v. *Potts,* 5 Blackf. (Ind.), 534.''

''Except where it is otherwise provided by statute, the discharge of the debtor from imprisonment with the consent or by order of plaintiff constitutes a satisfaction of the judgment debt, and of the execution therefor. * * * There is no satisfaction if the imprisonment is terminated without the consent of the execution creditor, as by an escape, or by a discharge under the insolvency laws, or by reason of the creditor's refusal to pay jail fees.'' 23 C. J. pp. 822, 823.

Refusal to pay jail fees and consequent termination of the imprisonment is not satisfaction of the judgment debt. 23 C. J. p. 823, citing *Lambert* v. *Wiltshire,* 144 Ill. 517 (33 N. E. 538); *Marshall Field & Co.* v. *Freed,* 191 Ill. App. 619, reversed on other grounds, 269 Ill. 558 (109 N. E. 1018).

A judgment creditor might be unable to continue the payment of jail fees, and it would be a travesty to hold that the poverty of a creditor discharges the judgment obligation of the tortfeasor, Failure of plaintiff to keep defendant in jail by payment of jail fees was not consent to his discharge. It led to his release, it is true, but that was by operation of law and not by consent of plaintiff.

Counsel for defendant contend that:

''Although the taking or detention of the body in and of itself does not constitute a discharge, such taking and detention followed by a voluntary release of the body, satisfies and discharges the debt. Defendant further contends that his discharge from custody under the circumstances of this case constitutes a 'voluntary release.' ''

In support of such contention counsel cite *Straw-sine* v. *Salsbury*, 75 Mich. 542, and state that this court had opportunity, in *Stephenson* v. *Purchase, supra,* and *Karasiewicz* v. *Kent Circuit Judge*, 217 Mich. 589, to overrule and reverse that case in the event it no longer represents the law of this State, and that failure to do so is a clear recognition that the rule remains unchanged and, where the defend-ant is released from custody through the failure of the plaintiff to pay the expenses of keeping him in custody it constitutes a satisfaction and discharge of the judgment. The point was not involved in those cases.

, The holding in the *Strawsine Case* is out of line with modern authority, is a retention of an incon-gruous rule of the common law, penalizes the judg-ment creditor, is a part of the rule originating when the judgment debtor was required to pay his own jail board and, only in case of his poverty was the credi-tor called upon, and we now expressly overrule that holding.

The writ of mandamus is denied, with costs.

FEAD, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.