42   495
128   140

</div>

Ex rel. William Douglass and Charles Gustaff v. Circuit Judge for Manistee County.

*Execution to be levied in default of bond to stay proceedings— Capias ad satisfaciendum—Answer to order to show cause.*

A judgment creditor may proceed to collect his judgment notwithstanding the allowance of a writ of error, if his opponent has filed no bond to stay the proceedings; and if he does not exhaust this remedy he cannot take out a *capias ad satisfaciendum* after three months from the return day of the execution.

An answer to an order to show cause is disregarded if only drafted by the attorneys in the case without being submitted to the respondent and approved by him. But the case may be treated as on demurrer to the relator's showing.

MANDAMUS. Submitted January 9. Denied January 20.

*S. W. Fowler* for the writ.

*Morris & Nelson* against.

MARSTON, C. J. February 21st, 1878, relators recovered a judgment in the Manistee circuit court against Nicholas Daily, in an action in which they would become entitled to an execution against the body of the defendant. May 13th, 1878, they caused an execution to be issued against his goods, chattels, lands and tenements, which was returnable August 6th following. This execution was held by the sheriff until July 9th, 1879, when it was by him returned unsatisfied. The only excuse given for the delay is that the case was, by writ of error, brought to this court, where the judgment was affirmed. It does not appear from the petition that any bond was filed by the defendant on removing the case to this court, so that the plaintiffs were at liberty to proceed in the collection of their judgment.

After the return of the execution on July 9th, 1879, and on the same day, a *capias ad satisfaciendum* was issued and the defendant was taken into custody. On the 17th day of July the defendant was by the circuit judge discharged from custody, and this court is now asked by mandamus to compel the judge to vacate the order of *supersedeas*.

This we cannot do. The statute is clear that the plaintiff shall charge the defendant in execution upon the judgment, where an execution has been issued against his property, "within three months after the return day of such execution." 2 Comp. L., § 6189.

By section 6190, if the plaintiff shall neglect so to charge the defendant, he may be discharged from custody, unless good cause to the contrary be shown.

We think no sufficient cause was shown in this case to prevent his discharge. Notwithstanding the removal of the case to this court on writ of error, no bond having been filed by the plaintiff in error to stay the proceedings, the plaintiffs were at liberty to proceed in the usual manner and collect their judgment. No reason is alleged why this was not done.

The writ must be denied, with costs against relators. The answer filed is not signed by the circuit judge. It purports to have been drafted by attorneys and not to have been submitted to the respondent for approval by him. We do not consider, therefore, what appears therein, but have treated the case as on demurrer to the showing made by the relator.

The other Justices concurred.