GROSSLIGHT *v.* WAYNE CIRCUIT JUDGE.

EXECUTION—JAIL-LIMITS BOND—ESCAPE—WRIT OF CA. SA.

> Under 3 Comp. Laws, § 10523, an action on a bond to the jail limits is barred by a voluntary return of the principal prior to the commencement of suit. Under sections 10306, 10307, when a person has been taken on execution, no other execution can issue against him unless he has escaped, in which case he may be "retaken" on a new writ. *Held,* that where there had been a voluntary return by the principal in a jail-limits bond, who had executed the same on being arrested under a *ca. sa.*, the plaintiff could not affirm him out of custody by bringing an action on the bond for the alleged escape, and then, on discontinuing the action, sue out a new writ of *ca. sa.*

*Mandamus* by Fred L. Grosslight to compel George S. Hosmer, circuit judge of Wayne county, to vacate an order granting an *alias* writ of *ca. sa.* Submitted February 12, 1901. Writ granted July 10, 1901.

*Groesbeck & Turner,* for relator.

*Warner & Codd,* for respondent.

MONTGOMERY, C. J. Smith, Sturgeon & Co. sued relator by *capias* in the Wayne circuit court. Relator furnished bond after being taken into custody, and was released. Smith, Sturgeon & Co. obtained judgment against relator. A writ of *ca. sa.* was issued, and relator taken into custody, when he gave bond, with Louis R. Grosslight and James D. Burns as sureties. Afterwards Smith, Sturgeon & Co. commenced suit on this bond, claiming that an escape had been made by relator. A second trial was had, resulting in favor of said Smith, Sturgeon & Co. A levy was made on Louis R. Grosslight's property. Louis R. Grosslight, acting for himself, paid $1,100 to Smith, Sturgeon & Co., obtaining a full

release and discharge. A new trial was then granted. An order was made by consent of attorneys for James D. Burns and Smith, Sturgeon & Co. releasing Burns from all liability. The suit against the sureties on the bond was discontinued by Smith, Sturgeon & Co. They then moved for a second *ca. sa.* in the principal suit, which respondent ordered issued. The sureties never surrendered relator. Relator moved to set aside the order issuing the *ca. sa.*, which was denied by respondent. Relator asks a *mandamus* to compel respondent to vacate the order granting the second *ca. sa.*

In general, the taking a party in execution is deemed a satisfaction of the judgment, so that no other writ can be sued out by the plaintiff upon the judgment while the defendant remains in custody. 1 Burrill, N. Y. Prac. 314. If, however, the defendant escape, the plaintiff is remitted to his former rights. The imprisonment is no longer a satisfaction, and the plaintiff may use the judgment as a set-off against a demand of the defendant, or proceed anew against his person or property. *Id.* It is also stated in the text of Burrill that, where the plaintiff sues the sheriff for a supposed escape, and fails in the action, the court will allow him to issue a new *ca. sa.;* citing *Anthony* v. *Dunbar*, 1 How. Prac. 117, in which case a new writ was allowed after an unsuccessful prosecution of the sheriff for an escape. In that case two defenses were interposed in the action against the sheriff,—one, that there was no proof of escape such as would charge the sheriff; and the other, that Dunbar had returned to the limits before suit brought. The ground upon which the new writ was awarded is not stated. In *Brown* v. *Littlefield*, 1 Wend. 398, it was said that, by prosecuting the sheriff for an escape, the plaintiff elects to consider the defendant out of custody, and that, *during the prosecution of such action*, the plaintiff may not take the person of the defendant, although he may pursue the property. See, also, *Rawson* v. *Turner*, 4 Johns. 469. In *Brown* v. *Littlefield* it was said:

"There is, however, a striking difference between a voluntary and a negligent escape. In case of a negligent escape, if the prisoner return before suit brought, the escape is purged, and he is, of course, a prisoner again at the suit of the plaintiff."

Such, likewise, is the effect of a return under our statute (3 Comp. Laws, § 10523), which provides that, "in every action brought by the assignee of such bond, the defendants shall be entitled to give notice of a voluntary return of the prisoner to the liberties of the jail before the commencement of such action, in bar thereof." It is difficult to see how a return can be a bar to the action unless the defendant is in custody under the first writ. If he is in fact in custody, has the plaintiff a right to affirm him out of custody by bringing an action on the bond, and to sue out a new writ? 3 Comp. Laws, § 10306, provides that, "when the body of a party shall have been taken on an execution issued for that purpose, no other execution can be issued against him or his property, except in cases specially provided for by law." The next section contains the only provision of law bearing upon this case. It is provided therein that, "if any person who shall have been taken on an execution shall escape, he may be *retaken* by a new execution against his body," etc. It is obvious that, if there was no escape, tho plaintiff had no right to this writ. If there was an escape, and a return to custody, which would bar an action on the bond and purge the escape, it is because the defendant is again in custody, and no process to "retake" him is necessary or possible. If a plaintiff could, by his own act, elect to treat a defendant who is in fact in custody as out of custody, there would be no security, and it would be peculiarly burdensome to, or at least oppressive to, tho defendant, if, by asserting him to be out of custody, the plaintiff could collect of each successive set of bondsmen the larger part of the original claim, and still leave the judgment in force against the principal. It does not very clearly appear in this record just when tho relator returned to the county of

Wayne, but the petition asserts that he has resided in the city of Detroit for upwards of 20 years, and the answer admits that he has resided in the city for some years last past, and both counsel in argument have assumed the fact of his return, the respondent and his counsel prosecuting the case on the ground that, by bringing the action on the bond, the plaintiff elected to treat relator as out of custody.

The writ will issue.

The other Justices concurred.