### METCALF v. MOORE.

BODY EXECUTION—WHEN ISSUABLE.

3 Comp. Laws, § 10412, provides that, when any defendant is in custody on surrender and discharge of bail after judgment, the plaintiff must charge such defendant in execution thereon within three months after such surrender, or, if an execution against his property has been issued, within three months after the return day of such execution. *Held*, that, where an execution has been issued against the property of a defendant, an execution against his body can issue only within three months after the return day of the first execution, irrespective of the existence or nonexistence of the conditions mentioned in the first part of the section.

*Certiorari* to Clinton; Stone, J. Submitted June 6, 1901. Decided July 19, 1901.

Action by Nellie L. Metcalf against Richard A. Moore. There was a judgment for plaintiff, and, a *ca. sa.* having been issued, a *supersedeas* was allowed, to set aside which plaintiff brings *certiorari*. Affirmed.

*Edwin H. Lyon*, for appellant.

*L. G. Palmer* and *Frank Dumon*, for appellee.

MOORE, J.  The plaintiff in this case, then Nellie L. Holton, on the 5th day of December, 1896, recovered a judgment ·in the circuit court for the county of Clinton against· the defendant, in an action in which she would become entitled to an execution against the body of the defendant.  On the 20th day of February, 1897, an execution was issued upon said judgment against the property of the defendant.  The return day named in such execution was the 15th day of March, 1897.  This execution was delivered to the sheriff of Clinton county for service on the day it was issued, and was returned by him *nulla bona* on the 16th day of March, 1897.  On the 20th day of July, 1897, an *alias* execution was issued against, the property of the defendant, and given to the sheriff of said county for service.  This execution was held by such sheriff until the 18th day of July, 1899, upon which day he made return thereof unsatisfied in part.  After the return of such *alias* execution, and on the 19th day of July, 1899, the plaintiff took out a writ of *ca. sa.*, or body execution, upon such judgment, and delivered the same to the sheriff of Clinton county for service.  The sheriff executed said writ by taking the defendant into custody, and taking from him a bond for bail to the jail limits of Clinton county.  This bond bears date the 24th day of July, 1899. On the 20th day of April, 1900, the defendant applied to the judge of the circuit court of the county of Clinton for a *supersedeas*, for the reason that, under sections 10412 and 10413 of the Compiled Laws of this State, it is provided that, if an execution be issued against the property of the defendant, a writ of *capias ad satisfaciendum* must be issued within three months after the return day of such execution; that an execution was issued upon said judgment, as heretofore shown, against the property of the defendant, and the return day therein named was the 15th day of March, 1897, while the body execution was not issued until the 19th day of July, 1899, or over two years thereafter.  The judge of Clinton county allowed a *supersedeas*, as prayed for by the defendant, and the

plaintiff is now here asking that such *supersedeas* be set aside and quashed by this court. The cause of delay in taking the *ca. sa.* is said to be the pendency of a chancery proceeding.

Two errors are assigned:

*First.* That the circuit judge erred in holding that because said *capias ad satisfaciendum*, or body execution, was not issued within three months after the return day of said execution issued on February 20, 1897, and returnable March 15, 1897, said *capias ad satisfaciendum* was not duly and regularly issued according to law.

*Second.* That said court erred in holding that, under the facts in said cause, he had any authority to allow, and in allowing, said writ of *supersedeas*.

It is claimed on the part of the plaintiff that sections 10301, 10303, 10304, 3 Comp. Laws, authorize the issuance of the *ca. sa.* in this case. We cannot agree with this claim. Section 10412, 3 Comp. Laws, reads as follows:

" When any defendant shall be in custody upon a surrender in discharge of his bail, made after a judgment obtained against him, and such bail shall be thereupon exonerated, the plaintiff in such judgment shall charge such defendant in execution thereon within three months after such surrender, or, if an execution against the property of such defendant shall have been issued, within three months after the return day of such execution."

This section has been construed in *Douglass* v. *Manistee Circuit Judge*, 42 Mich. 495 ( 4 N. W. 225 ), a case almost like this one, and the construction there given to it sustains the action of the circuit judge. See, also, 1 Green, New Prac. 344.

Judgment is affirmed.

The other Justices concurred.