SINK *v.* OCEANA CIRCUIT JUDGE.

EXECUTION—BODY EXECUTION—ISSUANCE—PROPRIETY.

Under sections 10301 and 10305, 3 Comp. Laws, an execution cannot issue against the body of a defendant while an execution against his property is unreturned, and vice versa, without an order of the court; hence, an execution issued without an order directed against both the property and the body of the defendant is unauthorized and is properly quashed.

Mandamus by Orange A. Sink to compel Clarence W. Sessions, circuit judge of Oceana county, to vacate an order quashing a body execution. Submitted July 24, 1906. (Calendar No. 21,803.) Writ denied October 1, 1906.

*F. E. Wetmore* and *Rufus F. Skeels*, for relator.

*C. B. Stevens*, for respondent.

PER CURIAM.   The relator obtained a judgment in the circuit court for $1,804.80, said judgment being based upon 3 Comp. Laws, § 11175.   Upon this judgment relator claimed to be entitled to a body execution.   Relator caused an execution to be issued, directed both against the property and against the body of the defendant, the writ directing the sheriff to first make the amount of the judgment out of defendant's property, and if property sufficient to satisfy the execution could not be found, then to take the body of the defendant.   Not finding property, the officer arrested the defendant and made return to that effect.   The defendant then moved to quash the execution and discharge the defendant, which motion was granted by the court.   Relator now asks the writ of mandamus to compel the circuit judge to vacate such order.

The statute (3 Comp. Laws, § 10301) provides that an execution may issue against the property or against the body of a defendant, in cases where execution against the body is authorized by law.   Section 10305 provides:

"No execution against the body of any party shall issue while there is an execution against his property not returned, nor shall an execution against the property of any party be issued, while there is an execution against his body unreturned, unless by order of the court."

There was no order of the court.   The execution was unauthorized by the statute, was void and incapable of amendment.   The paper issued as a writ was in fact two executions.   Neither could issue while the other was issued and unreturned.

The order of the court was correct, and the writ will be denied, with costs.