*In re* LAUER'S ESTATE.

PORRETT *v.* LAUER.

1. EXECUTIONS — CAPIAS AD SATISFACIENDUM — DISCHARGE—SATIS-
FACTION OF JUDGMENT.

A judgment in a tort action was not satisfied by the arrest
and imprisonment of the defendant on a *capias ad satis-
faciendum*, where the prisoner was retained in jail for
about eleven months and then discharged from custody
because the writ was void, not having been issued within
ninety days of the return day of the execution against the
goods and chattels of defendant, as required by statute.

2. SAME—ARREST—BODY EXECUTION.

The common law rules as to body executions in the main
are still in force in Michigan.

3. SAME—ARREST.

Final process that has been set aside on the ground of
irregularity is a mere nullity and void, so that the taking
of defendant thereunder does not satisfy the judgment.

Error to Macomb; Tucker, J. Submitted January
26, 1915. (Docket No. 61.) Decided March 17, 1915.

Bethany A. Porrett presented a claim against the
estate of Andrew J. Lauer, deceased, for the amount
of a judgment in an action of tort. The claim was dis-
allowed by the commissioners, and claimant appealed
to the circuit court, which entered judgment for claim-
ant. Defendant brings error. Affirmed.

*Stevens, Graham & Stevens,* for appellant.

*Warren S. Stone,* for appellee.

STEERE, J. On October 9, 1905, Bethany A. Porrett
(then Lauer), the above-named claimant, obtained
against said Andrew J. Lauer, her father-in-law, in the

184 Mich.—32.

circuit court for the county of Macomb, a judgment for a sum amounting, with costs, to $1,589. She was unsuccessful in her attempts to collect the same during the lifetime of said Andrew J. Lauer, who died March 4, 1914, leaving an estate inventoried at $1,798.72. Thereafter said judgment, with computed interest, was presented to the probate court as a claim against decedent's estate, where it was disallowed by the commissioners on claims. On appeal taken to the circuit court it was allowed at the sum of $2,270.20, from which allowance an appeal has been taken by deceased's estate to this court.

It is conceded by counsel for said estate that no question could be raised as to claimant's right to recover except for the fact, as asserted, that said judgment was extinguished during deceased's lifetime by his arrest and imprisonment upon a body execution issued at the instance of claimant, on September 9, 1910. By stipulation of counsel the trial of said cause in the circuit was ultimately before the court, without a jury. Findings of fact and conclusions of law thereon were made and filed by the court. From said findings of the court and records to which reference is made it appears that a property execution was issued on March 3, 1906, followed by an alias execution, and both were returned unsatisfied. On September 2, 1909, a body execution was issued by virtue of which said Andrew Lauer was taken into custody by the sheriff and confined in the common jail of Macomb county for over 11 months. During his incarceration he made two applications to the court for release, both filed on September 21, 1910. The first stated that petitioner had been imprisoned for over 11 months and was desirous of taking the benefit of the law relating to poor debtors, requested an order setting a time for hearing on his application for release from custody, submitting therewith an appended petition to the sheriff, which had been served on him, giving data as to said judg-

ment and executions thereon, representing that he was unable to pay the same, that he desired to take advantage of the law for relief of poor debtors, and requested that the same be communicated to the circuit judge. These are without date, but amongst the calendar entries of said cause appear the two following:

"September 9, 1910—order setting hearing under poor debtor's act, entered and filed."

"Sept. 16, 1910—order entered hearing case in part."

The second application represented petitioner had been imprisoned in said jail for a period of a year last past upon a body execution · issued during the year 1909; that a property execution was issued against his goods, chattels, etc., on February 1, 1906, returnable March 3, 1906; that both executions were issued upon the same judgment, of October 9, 1905, concluding:

"Petitioner says that the said body execution is therefore void under the statutes, and prays the court to order his release from custody upon said execution."

Of these the trial court finds as follows:

"Both of these petitions were filed on the same day, September 21, 1910. A hearing appears to have been had upon the petitions, and on Saturday, September 24, 1910, before Judge Morse Rohnert, then of the Wayne circuit court, while sitting in this circuit, and the court caused to be entered on the court journal of that date the following order:

" 'The application of Andrew Lauer, the defendant herein, for an order releasing him from custody of the sheriff, having been argued and submitted, and it appearing to the court that the execution by virtue of which the petitioner is being held in custody by the sheriff is illegal and void, it is ordered that such application be granted, and that the sheriff of said county forthwith release from custody said petitioner.

" 'Morse Rohnert, Circuit Judge.'

"It appears from this order, or judgment, of the circuit court that the execution was illegal and void. The

petition for release under the poor debtor's act seems to have been abandoned. The order was never appealed from, nor were any steps ever taken to set it aside."

That the application for discharge under the poor debtor's act was previously called to the attention of the court may be inferable from the two calendar entries that on September 9, 1910, it was set for hearing, and on September 16, 1910, heard in part, but we find nothing in the record indicating that anything was done by court or counsel in relation to this petition after it was filed on September 21, 1910. The other petition, asking discharge on the ground that the body execution was void "under the statutes," also filed September 21, 1910, had attached to it a notice, dated September 19, 1910, that said petition would be presented to the court for hearing on September 24, 1910, said notice being apparently addressed to plaintiff's counsel and signed by counsel for defendant. On September 24th a judge from another circuit presided in that court and its records show but one application of defendant, for discharge from custody was before the court, which was argued and submitted, whereupon the court found the warrant under which petitioner was held "illegal and void," granted petition, and ordered his release from custody forthwith.

The form of this warrant is not given in the record, but we may assume, as did court and counsel in this proceeding, that it was held invalid and void, because it was not issued within 90 days of the return day of a property execution which preceded it, under section 10412, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 13126). Under section 10413, in case of neglect to so charge defendant within that time he may be discharged from custody by a supersedeas, allowed by any judge of the court in which such judgment was obtained, unless good cause to the contrary be shown. Manifestly if no good cause to the contrary is shown it is the duty of the court, on the face of the records of the case

and without further evidence, to pronounce such execution invalid and of no legal effect. *Douglass* v. *Circuit Judge*, 42 Mich. 495 (4 N. W. 225) ; *Metcalf* v. *Moore*, 128 Mich. 138 (87 N. W. 129). *Prima facie* it is invalid; but if good cause is affirmatively shown by proof of conduct on the part of defendant which, in the opinion and within the discretion of the trial court, misleads, inducing delay for his benefit, and so estops him, in effect, from taking advantage of his own wrong, discharge may be withheld. *Lapham* v. *Circuit Judge*, 170 Mich. 564 (136 N. W. 594). Counsel contend the latter case establishes that a body execution taken out after said 90 days is not void, but merely voidable, and is of legal force until declared void by a court. *Prima facie* it is not only irregular, but invalid and a nullity, as would be an execution on a judgment against which the record showed the statute of limitations had run. The validity of either might be established *aliunde*. Until that is done they are and must be regarded by the court totally ineffectual and nugatory. The precise, technical distinction between "void" and "voidable" is not of controlling importance here. In this case, in a proceeding prosecuted to obtain an order for release of defendant, a decision by a court of competent jurisdiction, not appealed from, declared the warrant illegal and void in its inception and until the end, if, as appears conceded, the decision was based upon the statutory infirmity referred to.

Defendant could have obtained his release by application to the court at any time after his arrest. His delay in making application until shortly before his discharge, whether because he was content to be a guest of the sheriff at plaintiff's expense or through ignorance of his rights or for other reasons, does not affect the legal status of the case. He was legally entitled to a prompt release on application therefor, and

might have had an action against plaintiff, and perhaps her attorney, to recover damages for a false arrest and imprisonment.   This warrant was not issued by order of any court.   It was caused to be issued by the plaintiff, in form and at a time selected by her or her attorney, under the general authority which a judgment confers upon the prevailing party to have issued at his dictation, by the clerk of the court, appropriate process for enforcement of such judgment. For an illegal arrest at the instance of a private party, such party may be held responsible in damages to the person injured thereby.

This record does not disclose the nature of the action in which plaintiff obtained the judgment which she now seeks to collect.   But it is assumed by counsel of both parties, and we take it for granted, that it was of such a nature body execution might be issued.   It was therefore *ex delictu*, for some fraud or wrong found to have been perpetrated upon plaintiff by him, duly adjudicated in a court of competent jurisdiction and not appealed from, presumably a just debt which it was his duty to pay.   During his lifetime he successfully avoided and defeated collection of it.   He died leaving an estate.   The sole question is whether his arrest on this unauthorized body execution, certainly irregular and invalid whether void or voidable, is a satisfaction of such judgment.   In other words, is the release of respondent a discharge of the judgment if the arrest was not legal?

Counsel for appellant contend that it is, and in support of the proposition urge that the old common law upon the subject is in force in this State except as modified by statutes, which do not militate against the question raised; and at common law, when a judgment debtor was arrested on a *capias ad satisfaciendum,* the debt was thereby satisfied to the exclusion of a subsequent execution against the prop-

erty, citing, as directly supporting or illuminating this, *Strawsine* v. *Salisbury,* 75 Mich. 542 (42 N. W. 966); *Grosslight* v. *Circuit Judge,* 127 Mich. 414 (86 N. W. 997); *Sink* v. *Circuit Judge,* 146 Mich. 121 (109 N. W. 115), and certain sections of our statutes upon the subject.

In this case defendant did not die while under arrest nor escape from custody, neither did plaintiff consent to his release; he was discharged by order of the court because the process under which he was detained was in legal effect of no validity. In *Strawsine* v. *Salisbury, supra,* no question of the validity of the warrant by which defendant was arrested was involved. He was released by the sheriff because plaintiff refused to pay his board, as authorized by section 10553, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 14388). The court held that, defendant's detention being contingent on plaintiff's paying, on demand, the expenses of his board and keeping, a failure to so pay amounted to a consent that he be released; that under the common law such imprisonment operated as a satisfaction of the debt and discharge of defendant did not revive the judgment.

*Grosslight* v. *Circuit Judge, supra,* was a case where there was a voluntary return by the principal in jail limits bond, and plaintiff afterwards brought an action on the bond for an escape. The court held he could not thereafter sue out a new body execution. It was there said, citing authorities:

"In general, the taking a party in execution is deemed a satisfaction of the judgment, so that no other writ can be sued out by the plaintiff upon the judgment while the defendant remains in custody."

No question was involved as to the validity of the original execution under which defendant was taken. In *Sink* v. *Circuit Judge, supra,* a double object execution against both the property and body was issued

and, not being able to find property upon which to levy, the sheriff took the body of defendant, who was subsequently discharged by an order of the circuit judge. In a short *per curiam* opinion this court sustained the circuit judge, and said, in substance, citing the statute, that the paper issued was in fact two executions in form, neither of which could issue while the other was issued and unreturned; that the execution was a nondescript, unauthorized by statute, void and incapable of amendment. It may also be said of the body warrant in the case at bar that it is incapable of amendment, but that throws little light on the issue before us.

Quoting from the statute "Any execution issued upon any judgment," and referring to the language used in text-books and our decisions stating the general rule, but not specifying in express, adjective words that a body execution must be valid to operate in satisfaction of a judgment, counsel urge that just what is said is meant, and, as said, an arrest under any attempted body execution, followed by action of a court discharging the arrest according to law, is a satisfaction of the judgment.

It would be anomalous to construe the general language found in decisions, text-books, and statutes referring to and discussing rules relative to body executions being a satisfaction of judgment, as meaning that executions which are invalid and inadequate to detain the party arrested, and which lay those at whose instance they are issued liable for false imprisonment, are valid and effectual for the purpose of satisfying judgments under which such executions purport to issue; that they are void to hold the debtor, but at the same time valid to operate in payment of the debt. We find no authority in this State directly passing upon that question. Eliminating States where it is controlled by statute, little authority is found else-

where precisely in point. It must be conceded that, in the main, the common-law rules as to body executions are in force in this State. In 3 Cyc. p. 975, it is stated as a general proposition that:

"A defendant who has been discharged from arrest may not ordinarily be rearrested in the same action, unless the order under which the first arrest was made was void."

Going back to English authority, from whence our common law is chiefly derived, the rule is stated in the old case of *McCormick* v. *Melton*, 5 Tyrwhitt, 147, referring to a *capias ad satisfaciendum* previously held invalid, as follows:

"Final process set aside for irregularity is a mere nullity and void, so that the taking of the defendant under it is no satisfaction of a judgment."

We conclude the decision of the learned circuit judge, holding that in this case the body execution previously set aside as invalid and void, from which defendant could have obtained a discharge at any time, was a mere nullity and the taking of defendant under it no satisfaction of the judgment, is sustained by reason and authority.

The judgment is therefore affirmed.

BROOKE, C. J., and McALVAY, KUHN, STONE, OSTRANDER, BIRD, and MOORE, JJ., concurred.