## LA BRANCH *v.* HERBST.

1. Execution—Creditor's Proceeding—Capias ad Respondendum.
   A defendant in custody by virtue of a *capias ad respondendum* after trial of the action under which he was arrested, and in which a judgment had been obtained, could be compelled to appear in proceedings supplemental to the judgment in the nature of a judgment creditor's suit (3 Comp. Laws 1915, § 13378), before the time had elapsed in which to charge him in execution, and required to disclose the character and kind of property that he owned.

2. Same—Satisfaction of Judgment.
   Had the defendant been in custody under a *capias ad satisfaciendum* when the supplemental proceeding was commenced, he would not have been compelled to respond to the latter, as the common law permitted only one satisfaction if a body execution was levied and it suspended the right to attach property.

192 Mich.—9.

3. SAME—PROCEEDINGS IN NATURE OF A CREDITOR'S BILL—TIME.
  Any steps taken by virtue of the statute would be subject
  to the limitation that defendant be charged in execution
  within three months from the return of execution un-
  satisfied.

Certiorari to Monroe; Gilday, J. Submitted Octo-
ber 14, 1915. (Docket No. 85.) Decided June 2, 1916.

Supplemental proceedings in the nature of a judg-
ment creditor's suit by Alvina La Branch against
Henry Herbst for a disclosure and other relief. On
application of plaintiff for an order of appearance,
etc., an order was issued as prayed. Defendant brings
certiorari. Writ dismissed.

*Oliver J. Golden,* for appellant.

*Thomas A. Conlon* and *Jesse H. Root,* for appellee.

BIRD, J. Plaintiff caused the arrest of defendant
on a *capias ad respondendum* to answer to an action
of trespass on the case. Defendant was apprehended
and gave the required bail to the sheriff, and was re-
leased from custody. Subsequently bail to the action
was perfected. A trial of the matter in the circuit
court resulted in a judgment for plaintiff of $1,000,
on the 27th day of February, 1915. On the 18th day
of March following the defendant was surrendered
into the custody of the sheriff by his bondsmen, and the
bail was duly exonerated. On the 17th day of April,
an execution against the property of defendant was
issued. This was returned by the sheriff unsatisfied
on the 15th day of May. Subsequently, and on the
29th day of May, upon the application of plaintiff's
attorney, the defendant was ordered to appear before
the court and disclose under oath as to his property
and choses in action, under chapter 299, 3 Comp. Laws
(3 Comp. Laws 1915, § 13378 *et seq.*). Objection was

duly made by defendant's counsel to the issuance of such an order for the reason that defendant was in custody, and that, while such custody continued, plaintiff could have no other satisfaction. The trial court, however, made the order, but stayed the proceeding upon application of the defendant until the same could be reviewed in this court.

The sole question presented is whether defendant can be subjected to the provisions of chapter 299 while he is in the custody of the sheriff by virtue of process in the same case. Under the statute which was in force when the arrest was made and the judgment rendered plaintiff was required to sue out an execution against the goods and chattels and property of the defendant before an execution could issue against the body of the defendant. 3 Comp. Laws, § 10303 (3 Comp. Laws 1915, § 12841). This statute was complied with, and execution was issued and returned unsatisfied. Within three months after the execution was returned unsatisfied it was the duty of the plaintiff to charge defendant in execution (3 Comp. Laws, § 10412 [3 Comp. Laws 1915, § 12839]), in default of which, unless good cause were shown, the defendant could be discharged (3 Comp. Laws, § 10413 [3 Comp. Laws 1915, § 12840]). Before this time arrived, and while the defendant was still held in custody by force of the writ of *capias ad respondendum,* the order was made requiring the defendant to appear and disclose under oath as to his credits and choses in action.

Had the defendant been in custody under a *capias ad satisfaciendum* when the order was made, it would have been of no force. The rule of the common law is that, when a creditor has the body of his debtor in execution, his right to proceed against his property by virtue of the judgment is suspended. *Tappan* v. *Evans,* 11 N. H. 311; *Stilwell* v. *Van Epps,* 1 Paige (N. Y.), 615; *Jackson* v. *Benedict,* 13 Johns. (N. Y.) 533.

The filing of a bill in chancery to reach the equitable assets of the debtor while he is in custody under such process has been held to be a violation of the rule. *Stilwell* v. *Van Epps, supra.* The reason for the rule appears to be that, where the plaintiff has the defendant's body in custody under a body execution, it is *prima facie* a satisfaction of the debt, and, as the law permits of only one satisfaction, no other can be had. We are impressed that this reasoning would not apply where the debtor is in custody by force of a *capias ad respondendum,* awaiting the time allowed by law after judgment to be charged in execution. When the order was made for defendant to appear and disclose, he was in custody, but the custody was not for the purpose of satisfying the body execution, because that had not yet been issued, but he was in custody waiting to be charged in execution by the plaintiff, and therefore the custody cannot be said to be one that raised a *prima facie* satisfaction of the debt. If it did not, we can see no valid reason why defendant at that stage of the proceeding should not be made subject to the provisions of chapter 299, 3 Comp. Laws (3 Comp. Laws 1915, § 13378 *et seq.*). Of course, any proceedings under that chapter would be subject to the statutory provision (section 10412, 3 Comp. Laws [3 Comp. Laws 1915, § 12839]) that the defendant shall be charged in execution within three months from the date that the property execution is returned. We think the order made by the trial court was a valid one, and it is hereby affirmed.

The writ will be dismissed, with costs to the defendant in certiorari.

STONE, C. J., and KUHN, OSTRANDER, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.