WESTERHOUSE *v.* OTTAWA CIRCUIT JUDGE.

1. EXECUTION — STATUTES — UNCERTAINTY — COMMON LAW APPLICABLE.

   The common law on the subject of body executions obtains in this State except as modified or amplified by statute (3 Comp. Laws 1915, § 12816 *et seq.*), and where uncertainty as to the meaning of the statute exists recourse should be had to the common-law rule.

2. SAME—FAILURE TO CHARGE ON ALIAS WRIT—DISCHARGE—SUPERSEDEAS.

   Where plaintiff's property and body executions on defendant had been returned unsatisfied, he at that time being at liberty on special bail, and thereafter upon his surrender in discharge of his bail plaintiff failed to charge him in execution within 20 days, upon an *alias* writ, as she might have done under 3 Comp. Laws 1915, § 12839, and, on order to show cause why *supersedeas* directing his discharge should not be granted, offered no reason or excuse for her failure to do so, he was properly discharged.

Mandamus by Fannie Westerhouse to compel Orien S. Cross, circuit judge of Ottawa county, to vacate an order granting a writ of *supersedeas.* Submitted November 4, 1920. (Calendar No. 29,336.) Writ denied December 21, 1920.

*Charles E. Misner,* for plaintiff.

*Daniel F. Pagelsen,* for defendant.

STEERE, J. Plaintiff, Fannie Westerhouse, commenced a tort action by *capias* against defendant Orrie J. Staal in the circuit court of Ottawa county on September 7, 1918. He obtained release from arrest by bail to the sheriff, and filed special bail to the action on September 23, 1918. The case was duly brought to

trial by jury and plaintiff secured a judgment against him for $600 on March 28, 1919. He moved for a new trial which was denied, and on April 21, 1919, plaintiff caused a property execution to be issued and levied upon a certain piece of land then standing in the name of defendant Staal and wife, claimed by them as a homestead and exempt from levy. Plaintiff unsuccessfully tested this question by bill in aid of execution filed on May 7, 1919, in the Ottawa circuit court, in chancery, proceedings in which lasted until April 2, 1920. Unable to collect her judgment by said property execution, the return day of which was May 14, 1919, she caused the same to be returned unsatisfied on April 20, 1920. On April 21, 1920, she caused body execution to issue against defendant, and on May 13, 1920, the sheriff returned the same not served because defendant not found. On the same day plaintiff commenced an action against defendant's two sureties on his special bail bond. Shortly thereafter defendant appeared and surrendered himself, and on May 14, 1920, his sureties produced him before a circuit court commissioner of Ottawa county who committed him to the custody of the sheriff, and proceedings were then had pursuant to statute before and by the commissioner under which he exonerated the sureties from all liability on said special bail bond.

On June 3, 1920, petition for writ of *supersedeas* to release defendant from custody was filed by his counsel in the circuit court of Ottawa county, and an order made for plaintiff to show cause on June 15, 1920, why the same should not be granted. Showing was duly filed and the matter thereafter heard, resulting in an order signed by the circuit judge and filed June 18, 1920, granting said petition for a writ of *supersedeas* but staying all proceedings until further order of the court. Plaintiff thereupon obtained an order from this court requiring the circuit judge to show cause

why a writ of mandamus should not issue directing said order be set aside as petitioned by plaintiff, to which return was duly made.

Two contentions against the validity of the order granting a writ of *supersedeas* are urged for plaintiff: *First,* that under the law applicable to the facts in this case the court had no jurisdiction to grant the writ, because the time within which body execution may issue as a matter of right after return of property execution unsatisfied is not limited to 20 days from the return day of the execution, as held by the circuit judge, but following the return thereof; and, *second,* if that contention is not well founded, that there was an abuse of discretion in holding no good cause was shown for the delay.

Our statute law upon the subject of body execution is found in chapter 23 of the judicature act entitled "Of Execution," which begins with section 12816, 3 Comp. Laws 1915, and is first directly mentioned in section 12818, first authorizing property executions generally and second, "against the body of such party, in the cases authorized by law." Of this it is said in *Fuller* v. *Bowker,* 11 Mich. 204: "The law by which this may be done must either be an existing statute or the common law." Thus distinctly recognizing that except as modified or amplified by statute the common law on the subject of executions obtains in this State, which suggests as permissible consideration of the common-law rule in those cases where uncertainty as to the meaning of a statutory provision is open to construction.

It is unquestioned that in this case execution against the body is authorized by law, and that plaintiff is entitled to the same unless her right was lost by failure to act within a time limit of 20 days as specified by statute. The claimed relevant sections of the statute upon that subject are (3 Comp. Laws 1915, §§ 12837-12841, 12843) :

"SECTION 22. When an officer shall have begun to serve an execution issued out of any court of record on or before the return day of such execution, he may complete the service and return thereof after such return day.

"SEC. 23. When any defendant at the time judgment shall be rendered against him, in any court of record, shall be in the custody of the sheriff or other officer, either upon process in the suit in which such judgment shall have been rendered, or upon being surrendered in discharge of his bail in such suit, the plaintiff in such judgment shall charge such defendant in execution thereon, within twenty days after such judgment shall have been obtained.

"SEC. 24. When any defendant shall be in custody upon a surrender in discharge of his bail, made after a judgment obtained against him, and such bail shall be thereupon exonerated, the plaintiff in such judgment shall charge such defendant in execution thereon, within twenty days after such surrender, or if an execution against the property of such defendant shall have been issued within twenty days after the return day of such execution.

"SEC. 25. If any plaintiff shall neglect so to charge any defendant in execution, as required by the two last preceding sections, such defendant may be discharged from custody by a *supersedeas,* to be allowed by any judge of the court in which such judgment shall have been obtained, unless good cause to the contrary is shown; and after being so discharged, such defendant shall not be liable to be arrested upon any execution which shall be issued upon such judgment.

"SEC. 26. In those cases in which bail shall have been taken on the arrest of a defendant, and the bail bond shall have been assigned to the plaintiff; and in those cases in which special bail shall have been filed, no execution shall issue against the body of the defendant in such action, until an execution against the goods and chattels, lands and tenements of such defendants shall have been issued to the sheriff or other proper officer of the county in which such defendant was arrested, and shall have been returned unsatisfied, in whole or in part.

"SEC. 28. When the body of a party shall have been

taken on an execution issued for that purpose, no other execution can be issued against him or his property, except in cases specially provided for by law."

These sections have been upon our statute books for many years in the form and phraseology they now appear re-enacted in the judicature act, with the exception that in section 12838 the time for charging defendant in execution is shortened to "twenty days after such judgment shall have been obtained" from "three months after the last day of the term next following that at which such judgment shall have been obtained," and section 12839 shortens the "three months" provision in the former corresponding section to "twenty days."

It is urged for plaintiff that under the facts shown this case is controlled by section 12841, which made it imperative to have a property execution issued and "returned unsatisfied, in whole or in part," before a body execution could issue; that this was done and levy made during the life of the writ, but the service could not be completed and return made until after the return day, owing mainly to objections interposed by defendant and the necessity of filing a bill in aid of such execution, and pending those proceedings it was imperative that the sheriff hold his writ and withhold return, as authorized by section 12837 which, without other time limit, only requires that such execution "shall have been returned unsatisfied," as a prerequisite to body execution, citing *La Branch* v. *Herbst,* 192 Mich. 129, and that in any event "good cause to the contrary" was shown under section 12840 by such undisputed facts that it was not within the judicial discretion of the court to reject them.

For defendant sections 12838, 12839 are cited and it is contended that, in any aspect of the case, the plainly stated limit of 20 days controlled. Citing *Douglass* v. *Manistee Circuit Judge,* 42 Mich. 495;

*Metcalf* v. *Moore,* 128 Mich. 138; *In re Lauer's Estate,* 184 Mich. 497. Though illuminating in some respects, none of the cases cited nor any to which we are referred impresses us as directly in point upon the controlling question involved here.

The *Douglass Case* was removed by defendant to this court on writ of error without filing a bond to stay execution. The sheriff held a property execution unserved and unreturned long after the return day awaiting the result in this court, although he was at full liberty to proceed in the usual manner to levy and collect the judgment.

In the *Metcalf Case* the chancery proceeding urged as excuse for the delay had been decided and the amount decreed paid upon the execution November 23, 1898, as appears by the printed record, while the execution, issued July 20, 1897, was thereafter held by the sheriff until July 18, 1899, and then returned unsatisfied in part.

The *Lauer Case* turned upon the proposition that taking defendant on a void execution under which he could have obtained release at any time by applying to the court did not satisfy the judgment.

In the *La Branch Case* the concluding comment in the opinion, that defendant should be charged in execution "within three months from the date that the property execution is returned," quoted by plaintiff and urged as a construction of the statute, was true as applied to the facts in that case but in its nature *obiter,* as not essential to a decision of the question involved nor to be taken as a construction of general application. In that case there was no dispute over whether the time for a body execution had passed. Defendant was yet in custody on a *capias ad respondendum.* Judgment had been taken and property execution had been seasonably returned unsatisfied. The record shows it conceded that the time in which body

execution could issue thereafter had not yet expired. Plaintiff sought a statutory order of discovery to compel defendant to disclose under oath his financial resources. It was held under the facts shown that plaintiff was not entitled to such an order, which was the only question in controversy.

But conceding that plaintiff's showing of justification for delay in making return of her property execution is persuasive, and even assuming that the return day thereof should be construed as advanced until the time of actual return under the exigencies shown and authority given the officer by section 12837, we are yet confronted with the fact that plaintiff did not charge defendant in execution at all after he was in custody on surrender in discharge of bail. Her previous body execution had expired unserved. Upon its return an *alias* body execution was at her command. *People v. Kehl,* 15 Mich. 330; Cir. Ct. Rule No. 18.

Reverting to sections providing a 20-day limit, we note section 12838 has no application here, for defendant was not in charge of the sheriff or other officer at the time judgment was rendered against him. He was then at liberty on special bail and so remained until after plaintiff's property and body executions had been returned unsatisfied.

A situation then presented itself squarely covered by section 12839. On and after May 14, 1920, he was "in custody upon a surrender in discharge of his bail made after a judgment obtained against him and such bail" had been exonerated. Plaintiff did not charge him in execution on such judgment on an *alias* writ, as she might have done, within 20 days after such surrender, nor within 20 days after the belated return so far as appears, and on June 3d, 20 days after he was surrendered into custody and his sureties exonerated, defendant filed an affidavit with order of the circuit judge for plaintiff to show cause on June 15th,

why a writ of *supersedeas* directing his discharge should not be granted. On that day plaintiff offered no reason for not charging defendant in execution within 20 days after his surrender. Her ineffectual attempt to do so before his surrender was not an excuse. That writ had not been executed, was returned *non est inventus* by the sheriff and was dead.

A quite analogous state of facts was before the court in *Gray* v. *Thornber*, 5 Cowen (N. Y.), 278. Defendant had then been surrendered to the sheriff in discharge of bail and later obtained an order, dated March 7th, from the recorder requiring plaintiff to show cause on March 11th why a *supersedeas* should not issue. On the showing it appeared a body warrant had been delivered to the sheriff on March 4th, returnable that day. The sheriff failed to serve the warrant and returned it *non est*, although defendant was in his custody "on the limits" when return was made. The recorder granted a writ of *supersedeas* tentatively, but declined to make the same absolute until it had been reviewed on appeal. In a *curia* opinion the court of review said in part:

"The plaintiff has made an ineffectual attempt to charge the defendant. The execution was returned *non est;* and he might have issued an *alias ca. sa.* on the 11th. That would have been good cause, under the authorities cited for the motion. He did not do so; but seems to rely on the sheriff's liability. In *Minturn* v. *Phelps*, 3 John. (N. Y.) 446, had it been shown to the court that the *ca. sa.* had miscarried, or had not been executed, * * * is there a doubt that a *supersedeas* would have followed? We think the recorder decided correctly."

As applied to a similar situation in the instant case, we think the same was disposed of correctly.

The writ is denied, with costs to defendant.

MOORE, C. J., and BROOKE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.