### McDONELL v. WAYNE CIRCUIT JUDGE.

1. Execution—Arrest—Capias Ad Respondendum.

　The provisions of 3 Comp. Laws 1915, §§ 12838, 12839, limiting the issuing of execution against the body of a judgment debtor to 20 days after the return day of the execution against the property of the defendant is *held*, to apply only to those cases where defendant is already in custody either upon a *capias ad respondendum* or by reason of his having been surrendered in discharge of his bail, but if he is not in custody said statute has no application.

.2. Same—Capias Ad Satisfaciendum—Supersedeas.

　Where a judgment was obtained in an action entitling plaintiff to issue an execution against the body of defendant, and the action was not commenced by *capias ad respondendum*, the fact that he was arrested on a *capias ad satisfaciendum* about 22 months after the return of a writ of *fieri facias* unsatisfied did not entitle him to his discharge 'on a writ of *supersedeas* under 3 Comp. Laws 1915, § 12840, since under the circumstances ● sections 12838-12841 have no application.

3. Same—Arrest—Custody—Discharge.

　The "custody" referred to in section 12840 is that arising from arrest under a *capias ad respondendum* or that due to his surrender in discharge of his bail, and not that arising from arrest on a *capias ad satisfaciendum;* and the "discharge" mentioned in said section is discharge from arrest under a *capias ad respondendum.*

　Wiest, C. J., and Fellows and Steere, JJ., dissenting.

Mandamus by James McDonell to compel Charles B. Collingwood, acting circuit judge of Wayne county, to vacate an order granting a writ of *supersedeas*.　Sub-

On order of arrest on *capias ad respondendum* as condition of right to body execution, see note in L. R. A. 1915A, 706.

mitted January 16, 1923.    (Calendar No. 30,579.)
Writ granted April 27, 1923.

*Peter P. Boyle* (*Oswald C. Grattan,* of counsel), for plaintiff.

*Lodge & Brown* (*Elmer H. Groefsema,* of counsel), for defendant.

Sharpe, J.    On October 9, 1920, plaintiff recovered judgment against Frank E. Hager, defendant, in the sum of $3,500.    On October 12th, a writ of *fieri facias* was issued.    This writ was returned unsatisfied on November 16th.    On September 15, 1922, a writ of *capias ad satisfaciendum* was issued on the judgment, on which Hager was arrested.    He was released by the defendant circuit judge on a writ of *supersedeas* on September 21st.    Mandamus is here asked to vacate the order for such writ.    It is conceded that the cause of action was such as entitled plaintiff to issue an execution against the body.

The question presented involves a construction of the following sections of our laws as compiled in 1915:

"(12838) Sec. 23. When any defendant at the time judgment shall be rendered against him, in any court of record, shall be in the custody of the sheriff or other officer, either upon process in the suit in which such judgment shall have been rendered, or upon being surrendered in discharge of his bail in such suit, the plaintiff in such judgment shall charge such defendant in execution thereon, within twenty days after such judgment shall have been obtained.

"(12839) Sec. 24. When any defendant shall be in custody upon a surrender in discharge of his bail, made after a judgment obtained against him, and such bail shall be thereupon exonerated, the plaintiff in such judgment shall charge such defendant in execution thereon, within twenty days after such surrender, *or if an execution against the property of such defendant shall have been issued, within twenty days after the return day of such execution.*

"(12840) Sec. 25. If any plaintiff shall neglect so to charge any defendant in execution, as required by the two last preceding sections, such defendant may be discharged from custody by a *supersedeas*, to be allowed by any judge of the court in which such judgment shall have been obtained, unless good cause to the contrary be shown; and after being so discharged, such defendant shall not be liable to be arrested upon any execution which shall be issued upon such judgment.

"(12841) Sec. 26. In those cases in which bail shall have been taken on the arrest of a defendant, and the bail bond shall have been assigned to the plaintiff; and in those cases in which special bail shall have been filed, no execution shall issue against the body of the defendant in such action, until an execution against the goods and chattels, lands and tenements of such defendant, shall have issued to the sheriff or other proper officer of the county in which such defendant was arrested, and shall have been returned unsatisfied, in whole or in part."

The defendant, circuit judge, held that the writ of *capias ad satisfaciendum* not having been issued within 20 days after the return day of the execution against the property of the defendant, as required by section 12839, and no "good cause" having been shown for the delay, the defendant was entitled to be discharged.

In view of the conclusion we have reached as to the effect of the decisions of this court hereafter referred to, the question is a new one in this State. Plaintiff contends that the sections quoted are only applicable in cases wherein the defendant has been arrested on a writ of *capias ad respondendum* at the time of the commencement of suit. After mature deliberation, we feel constrained to so conclude.

Section 12816 provides for the issue of an execution after judgment. Section 12818 reads:

"Such execution may be either:

"1. Against the goods and chattels, lands and tenements of the party against whom such judgment was recovered; or

"2. Against the body of such party, in the cases authorized by law."

The "cases authorized by law" are actions which might have been commenced by *capias ad respondendum* and the defendant held to bail. (See cases in annotation to this section.) On such judgments executions may issue at any time before enforcement is barred by the statute of limitations (*Parsons* v. *Wayne Circuit Judge*, 37 Mich. 287), unless regulated by the provisions of the sections first quoted.

Section 12838 applies when the defendant, at the time the judgment is rendered, is in custody either upon the *capias ad respondendum* or by reason of his having been surrendered in discharge of his bail. In such case, executions against the body must issue within 20 days after the date of the judgment. Section 12839 applies when the defendant is not in custody at the time the judgment is rendered but is thereafter surrendered to the custody of the officer and his bail exonerated. In such case, execution against the body must issue within 20 days after such surrender,—

*"or if an execution against the property of such defendant shall have been issued, within twenty days after the return day of such execution."*

The reason for the insertion of this provision is apparent from a consideration of section 12841, which prohibits the issue of an execution against the body in cases where the defendant has furnished a bail bond or special bail has been filed until an execution against the property of the defendant shall have been returned unsatisfied. If such execution has been issued before defendant has been surrendered to the custody of the officer, it stays the time at which an execution against the body can be issued until after its return day.

The manifest purpose of these sections is to compel a plaintiff who has procured the incarceration of a de-

fendant to move with promptness in the enforcement of his rights. If the defendant be actually in custody when the judgment is rendered, the plaintiff must cause an execution against the body to be issued within 20 days thereafter. If not in custody by reason of his compliance with the provisions as to bail, plaintiff must issue an execution against his property and have it returned before he can secure an execution against his body. These several provisions are consistent with each other, workable and easily understood.

Section 12840 provides for his discharge if these provisions have not been complied with. The reason therefor is the neglect of the plaintiff to cause the execution against the body to be issued during the time limited. The word "discharge" in itself clearly indicates that it can only apply when a defendant is in custody. The language employed is "may be discharged from custody." It clearly follows that the "custody" referred to is that arising from arrest under the *capias ad respondendum* issued at the time of the commencement of suit or that due to his surrender in discharge of his bail. By any fair interpretation of the language used, it cannot apply to his arrest under an execution against his body because the right thereto is based on the neglect to issue such an execution within the time limited therefor. In our opinion, these sections apply only to proceedings after judgment in cases where the action was commenced by a writ of *capias ad respondendum* and the defendant apprehended thereunder. When a judgment is obtained without the issue of such a writ, as in the case before us, no reason appears for the application of such statutory rules. The liberty of the debtor has not been interfered with. Plaintiff is entitled to either a writ of execution against his property or one against his person. His rights are in no way prejudiced by delay. He may avoid proceedings by making payment. His property may be levied

on and sold to satisfy the judgment.   His person may be taken into custody and after a time and in the manner provided by law he may secure his discharge. In the efforts thus taken by plaintiff to secure payment, we can see no way in which a defendant needs the protection of these sections of the statute to safeguard his rights.

In the opinion filed and in the return to the order to show cause, the defendant, circuit judge, treated the question here discussed as having been decided by this court.   Whether there was "good cause" for the delay in issuing the writ was the question considered by him at length.   The decisions referred to and now relied on by defendant's counsel are *Douglass* v. *Manistee Circuit Judge*, 42 Mich. 495; *Metcalf* v. *Moore*, 128 Mich. 138; *Lapham* v. *Oakland Circuit Judge*, 170 Mich. 564; and *In re Lauer's Estate*, 184 Mich. 497.   In the *Douglass* and *Metcalf Cases*, this court affirmed the action of the circuit judges in discharging the defendants when it appeared that the execution against the body had not been issued within the time limited therefor by the statute after the return day of the property execution.   While there is nothing in the opinions filed to so indicate, an examination of the records shows that in both of these cases the action was begun by a writ of *capias ad respondendum* and the defendants were in custody at the time the executions against the body were issued.   In the *Lapham* and *Lauer Cases* they were not, but this fact was not stressed.   Counsel in the briefs filed conceded that the statute limiting the time for issuing the executions against the body was applicable.   The question here presented, therefore, was not considered or decided by this court.

The language in the early New York statute (sections 36 and 37, part 3, chapter 8, title 17, Revised Statutes of 1875) was quite similar to that under con-

sideration here.    In construing that part of it corresponding to our section 12838, in *Bostwick* v. *Wildey*, 42 How. Prac. (N. Y.) 245, the court said, at page 250:

"The purpose of the statute is, to enable an imprisoned debtor to avail himself of the provisions of the statute concerning voluntary assignments by a debtor imprisoned on execution in civil cases (2 R. S. 31), whereby he may be discharged from imprisonment, by compelling the creditor, within a fixed term, to sue out an execution against the person of his debtor; or if he fail to do so, to have his right taken away by a *supersedeas*, at the instance of the debtor."

This case apparently reached the court of appeals of that State (*Bostwick* v. *Goetzel*, 57 N. Y. 582), but the opinion sheds no light on the question here considered.

Imprisonment under an execution against the body is not intended as a punishment for failure to pay the judgment.    It is permitted by the law for the purpose of compelling the debtor to reveal property presumably withheld by him in fraud of his creditor from which the judgment may be satisfied.    Herman on Executions, p. 573.    If he is in custody, the statute provides a time limit within which the writ must issue.    If not in custody either under the writ issued at the time of commencement of suit or by reason of his surrender by his bail, these sections of the statute do not apply and writs may issue for the collection of the judgment uncontrolled thereby.

It follows that the writ of mandamus must issue as prayed, with costs against the defendant in the original action.

McDONALD, CLARK, BIRD, and MOORE, JJ., concurred with SHARPE, J.

FELLOWS, J. (*dissenting*).    I realize that the doctrine of *stare decisis* should not be applied as

rigorously where questions of practice are involved as where rules of property are at stake.    However, there should be a reasonable degree of stability in our holdings where only questions of practice are before us.    Circuit judges and practitioners look to the decisions of this court as finally decisive on questions of practice as well as questions of property rights.    The defendant circuit judge in the instant case relied, in deciding the question before him, on four cases: *Douglass* v. *Manistee Circuit Judge*, 42 Mich. 495; *Metcalf* v. *Moore*, 128 Mich. 138; *Lapham* v. *Oakland Circuit Judge*, 170 Mich. 564; and *In re Lauer's Estate*, 184 Mich. 497.    All of the cases sustain him.    It is true that the *Douglass* and *Metcalf Cases* were commenced by *capias ad respondendum*, the *Lapham* and *Lauer Cases* were not.    In the *Lapham Case* it was said:

"It being undisputed that more than three months intervened between the return of the property execution and issuance of the body execution, it is manifest that relator was entitled to be discharged out of custody by *supersedeas* unless 'good cause to the contrary' was shown, or unless counsel are right in their contention that relator is not entitled to mandamus because no application was made to the circuit judge to vacate the order which it is now sought to compel him to vacate."

In the *Lauer Case* it was said:

"The form of this warrant is not given in the record, but we may assume, as did court and counsel in this proceeding, that it was held invalid and void, because it was not issued within 90 days of the return day of a property execution which preceded it, under section 10412, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 13126).    Under section 10413, in case of neglect to so charge defendant within that time he may be discharged from custody by a *supersedeas*, allowed by any judge of the court in which such judgment was obtained, unless good cause to the contrary

be shown. Manifestly if no good cause to the contrary is shown it is the duty of the court, on the face of the records of the case and without further evidence, to pronounce such execution invalid and of no legal effect. *Douglass* v. *Manistee Circuit Judge,* 42 Mich. 495; *Metcalf* v. *Moore,* 128 Mich. 138. *Prima facie* it is invalid; but if good cause is affirmatively shown by proof of conduct on the part of defendant which, in the opinion and within the discretion of the trial court, misleads, inducing delay for his benefit, and so estops him, in effect, from taking advantage of his own wrong, discharge may be withheld. *Lapham* v. *Oakland Circuit Judge,* 170 Mich. 564. Counsel contend the latter case establishes that a body execution taken out after said 90 days is not void, but merely voidable, and is of legal force until declared void by a court. *Prima facie* it is not only irregular, but invalid and a nullity, as would be an execution on a judgment against which the record showed the statute of limitations had run."

This court is not expected to devote time in research upon questions about which counsel agree. But I think that both counsel and this court, at least when the *Lauer Case* was before us, had a right to assume that the question was settled by the former holdings of this court.

After the construction had been put upon these provisions of the statute by the cases above cited, holding that the writ of *capias ad satisfaciendum* might not issue after the expiration of the statutory period "unless good cause" was shown, the provisions were re-enacted in the judicature act and the time shortened. If the legislature should enact a statute of New York and make it a law of this State, that law would bring with it the construction put upon it by the New York court. The legislature of this State having re-enacted one of our own statutes which had received judicial construction by the court of last resort of the State must be deemed to have accepted such judicial construction. If a change is to be made in the prac-

tice I think it is for the legislature to make it.    I perceive no reason for over-ruling the cases relied upon by the defendant circuit judge.    I think the writ should be denied.

WIEST, C. J., and STEERE, J., concurred with FELLOWS, J.