WEURDING v. OTTAWA CIRCUIT JUDGE.

Execution—Custody—Capias ad Satisfaciendum—Charging Defendant—Twenty-Day Limit—Statutes.

The requirement of 3 Comp. Laws 1915, § 12838, that, where the defendant is in the custody of the sheriff or other officer when the judgment is rendered against him, the plaintiff shall charge him in execution thereon within 20 days after such judgment shall have been obtained, is not applicable where the defendant is at large under jail limits bond.[1]

Mandamus by George Weurding to compel Orien S. Cross, circuit judge of Ottawa county, to quash a writ

[1]Executions, 23 C. J. § 1101.

of *capias ad satisfaciendum.* Submitted December 2, 1924. (Calendar No. 31,698.) Writ denied April 3, 1925.

*Robinson & Parsons,* for plaintiff.

*Myron H. Walker,* for defendant.

MOORE, J. In June, 1924, the plaintiff moved the court

"that a certain writ of *capias ad satisfaciendum,* issued out of said court, on May 10, 1924, in said above-entitled cause, and on which said defendant was later arrested and confined in jail by the sheriff of said county, be quashed, recalled, set aside and held for naught, and that said defendant may be released from custody, and all his bondsmen, and the several bonds heretofore given by the said defendant to remain within the jail limits of said county discharged, for the following reasons, to-wit:

"1. That the said *capias ad satisfaciendum* was not issued within twenty days from the taking of the judgment on which the same is founded, as required by law,"

and for other reasons not necessary to state here. The court overruled the motion. Mandamus is sought to compel him to grant the motion.

To decide the case requires a construction of section 12838, 3 Comp. Laws 1915, which reads:

"When any defendant at the time judgment shall be rendered against him, in any court of record, shall be in the custody of the sheriff or other officer, either upon process in the suit in which such judgment shall have been rendered, or upon being surrendered in discharge of his bail in such suit, the plaintiff in such judgment shall charge such defendant in execution thereon within twenty days after such judgment shall have been obtained."

It is claimed that though plaintiff had given a jail limits bond, he was still in the custody of the sheriff;

that the effect of giving the bond was simply to push back the walls of the jail to the boundaries of the county.

The following quotation from the brief states clearly the position of counsel:

"That it was the legislative intent to require a judgment creditor to proceed within twenty days, to take out a body execution, in all cases where the defendant is restrained of his liberty, not only by actual imprisonment within the walls of the county jail, but also in those cases where the defendant is confined within the wider limits of the county, being allowed the larger liberty of the jail limits, under a jail limits bond."

The statute we have quoted is not ambiguous in its language.    The 20-day limit applies only when the defendant is in the custody of the officer by reason of process or "upon being surrendered in discharge of his bail in such suit."    See *Kruse* v. *Kingsbury*, 102 Mich. 100; *Smith, Sturgeon & Co.* v. *Grosslight*, 123 Mich. 87; *McDonell* v. *Wayne Circuit Judge*, 222 Mich. 516.

The writ of mandamus is denied, with costs to the defendant.

MCDONALD, C. J., and CLARK, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.